UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                                      Chapter 7

Gershon Barkany,                                            Case No. 814-72941-845

       Debtor.

------------------------------------------------------------X

Marc A. Pergament, Interim Chapter 7 Trustee                Adv. Proc. No.
of the Estate of Gershon Barkany,

             Plaintiff,                 Complaint

   - against -

Alan Gerson, Bruce Montague & Partners,
Charber Realty, Alfred Schonberger, Marina
District Development Co. LLC, Barkany Asset
Recovery & Management LLC, Daniel Hirschler,
Joseph Rosenberg and Goldberg & Rimberg,
PLLC,

             Defendants.
------------------------------------------------------------X

       Marc A. Pergament, Interim Chapter 7 Trustee ("Interim Trustee" or "Plaintiff") of

the Estate of Gershon Barkany ("Debtor" or "Barkany"), by his attorneys, Weinberg, Gross &

Pergament LLP, as and for his Complaint herein, respectfully alleges and represents to this Court as

follows:

       1.      This action arises under 11 U.S.C. §§ 541, 544, 548 and 550, Rules 6009 and

7001 of the Federal Rules of Bankruptcy Procedure and § 270 et seq. of the New York Debtor and

Creditor Law and New York State common law.

       2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 as this

action arose in and under the Debtor's pending Chapter 7 case.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

4.      This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.      This is an action for money damages due to, *inter alia*, the conversion of the Debtor's property and the avoidance and recovery of fraudulent transfers of the Debtor's property.

## THE PARTIES

6.      Plaintiff is the Interim Trustee of the Debtor's Estate.

7.      Upon information and belief, at all relevant times herein, Defendant Alan Gerson ("Gerson") was and is an attorney and a resident of the State of New York maintaining a place of business at 212-45 26th Avenue, Suite 6, Bayside, New York 11360.

8.      Upon information and belief, Defendant Bruce Montague & Partners ("BMP") is a law firm transacting business in the State of New York maintaining a place of business at 212-45 26th Avenue, Suite 6, Bayside, New York 11360.

9.      Upon information and belief, at all relevant times herein, Defendant Charber Realty ("Charber") was and is a company maintaining a business address at PO Box 296, Tallman, New York 10982.

10.     Upon information and belief, at all relevant times herein, Defendant Alfred Schonberger ("Schonberger") is a resident of the State of New York residing at 5117 14th Avenue, Brooklyn, New York 11219.

11.     Upon information and belief, at all relevant times herein, Defendant Marina District Development Company, LLC ("MDDC"), was and is a limited liability company maintaining a place of business at 1 Borgata Way, Atlantic City, New Jersey 08401.

12.    Upon information and belief, at all relevant times herein, Defendant Barkany Asset Recovery & Management LLC ("BARM") was and is a New York State limited liability company maintaining a place of business at C/O Locke Lord Bissell & Liddell LLP, Attention: Shalom Jacob, Three World Financial Center, New York, New York, 10281-2101.

13.    Upon information and belief, at all relevant times herein, Defendant Daniel Hirschler ("Hirschler") was and is a resident of the State of New York.

14.    Upon information and belief, at all relevant times herein, Defendant Joseph Rosenberg ("Rosenberg") was and is a resident of the State of New York residing at 14 Sand Point Road, Monsey, New York 10952-2113.

15.    Upon information and belief, at all relevant times herein, Defendant Goldberg & Rimberg, PLLC ("G&R"), was and is a law firm transacting business in the State of New York maintaining a place of business at 115 Broadway, 3rd Floor, New York, New York 10006.

## BACKGROUND

16.    On or about June 26, 2013, Barkany pled guilty before the United States District Court, Eastern District of New York (Wexler, U.S.D.J.), for orchestrating and operating a series of Ponzi schemes that defrauded one (1) group of creditors of approximately Fifty-One Million ($51,000,000.00) Dollars and a second group of creditors of an amount in excess of Eight Million ($8,000,000.00) Dollars.

17.    On June 25, 2014 ("Petition Date), an involuntary bankruptcy petition was filed against Barkany.

18.    Barkany initially opposed the involuntary petition.

19.    Thereafter, Barkany consented to the entry of the Order of Relief.

3

20.    On January 14, 2015, the Court (Scarcella, U.S.B.J.) entered the Order for Relief.

21.    Thereafter, the Plaintiff was appointed to serve as the Interim Trustee.

22.    The petitioning creditors, through counsel, filed Barkany's Schedules and a Statement of Financial Affairs.

23.    The Schedules and Statement of Financial Affairs, coupled with communications by the Interim Trustee and his counsel with Barkany's counsel and several interested parties, have provided initial background to the issues surrounding this case and the conduct of Barkany since in or about 2007.

24.    As part of the Interim Trustee's investigation, he learned, upon information and belief, that prior to the Petition Date, Defendant Gerson, an attorney with Defendant BMP, was Barkany's attorney.

25.    Upon information and belief, in his capacity as Barkany's attorney, in or about early 2013, Defendant Gerson introduced Barkany to the Ludvik and Eva Hilman Family Partnership, L.P. ("Hilman Partnership").

26.    Upon information and belief, at the behest of Barkany, the Hilman Partnership transferred the sum of $750,000.00 to Barkany by delivering the proceeds to Defendants Gerson and BMP.

27.    Upon information and belief, Barkany received the sum of $750,000.00 from the Hilman Partnership as part of his operation of a Ponzi scheme.

28.    Prior to the Petition Date, the Hilman Partnership filed a lawsuit against Defendants Gerson and BMP in the Supreme Court of the State of New York, County of Kings, encaptioned *Ludvik and Eva Hilman Family Partnership, L.P. v. Gerson, et al.*, Index No.:

4

502113/2013, seeking the sum of $750,000.00 based on causes of action for fraud, conversion and misappropriation relating to a purported investment opportunity with respect to the purchase of a parcel of real property located at 103 West 28th Street in Manhattan, New York ("Hilman Action").

29.     In the Hilman Action, the Hilman Partnership alleges that the investment opportunity with respect to the purchase of 103 West 28th Street was part of a Ponzi scheme.

30.     In the Hilman Action, the Hilman Partnership alleges that it retained Defendant Gerson to represent the Hilman Partnership in connection with the investment opportunity involving the real property at 103 West 28th Street.

31.     On March 25, 2015, the Hilman Partnership filed a Proof of Claim in the Barkany bankruptcy case based on it having provided $750,000.00 in connection with the investment opportunity involving the real property at 103 West 28th Street.

32.     In its Proof of Claim, the Hilman Partnership refers to Defendant Gerson as "the Debtor's attorney."

33.     Prior to the Petition Date, Canadian Northern Realty LLC filed a lawsuit in the Supreme Court of the State of New York, County of Kings, encaptioned *Canadian Northern Realty LLC v. Barkany, et al.*, Index No.: 501806/2013, seeking the sum of $1,920,600.00 from Defendant Gerson based the allegation that, among other things, Defendant Gerson received fraudulent conveyances from Barkany in connection with a Ponzi scheme.

34.     Prior to the Petition Date, Defendant BARM filed a lawsuit against Defendant Gerson (and others) in the Supreme Court of the State of New York, County of New York, encaptioned *BARM v. Bloom, et al.,* Index No.: 651740/2014, seeking the sum of

$528,270.00 from Defendant Gerson based on the allegation that, among other things, Defendant Gerson received fraudulent conveyances from Barkany in connection with a Ponzi scheme.

A.    Gerson.

35.    Upon information and belief, on or about March 13, 2013, Barkany caused the Hilman Partnership to transfer the sum of $750,000.00 to Barkany by having the proceeds delivered to Defendant Gerson and deposited for Barkany's benefit into an escrow account maintained by Defendant Gerson ("Gerson Transfer").

36.    Upon information and belief, Defendant Gerson was aware that the proceeds in the sum of $750,000.00 were a Barkany asset.

37.    Upon information and belief, Defendant Gerson was to hold the sum of $750,000.00 in escrow until he received further instructions from Barkany.

38.    Upon information and belief, Defendant Gerson either retained the sum of $750,000.00 for his own use and benefit or transferred the sum of $750,000.00 to others, without the authorization or consent of Barkany.

B.    BMP.

39.    Upon information and belief, on or about March 13, 2013, Barkany caused the Hilman Partnership to transfer the sum of $750,000.00 to Barkany by having the proceeds delivered to Defendant BMP and deposited for Barkany's benefit into an escrow account maintained by Defendant BMP ("BMP Transfer").

40.    Upon information and belief, Defendant BMP was aware that the sum of $750,000.00 in the escrow account was a Barkany asset.

41.    Upon information and belief, Defendant BMP was to hold the sum of $750,000.00 in escrow until it received further instructions from Barkany.

42.     Upon information and belief, Defendant BMP either retained the sum of $750,000.00 for its own use and benefit or transferred the sum of $750,000.00 to others, without the authorization or consent of Barkany.

C.      Charber.

43.     Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed Barkany's assets in the sum of $267,000.00 to Charber ("Charber Transfer").

44.     Upon information and belief, Barkany was insolvent at all times between the date of the Charber Transfer and the Petition Date or was rendered insolvent as a result of the Charber Transfer.

45.     Upon information and belief, the Charber Transfer diminished the assets of Barkany's bankruptcy estate.

D.      Schonberger.

46.     Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed Barkany's assets in the sum of $180,000.00 to Schonberger ("Schonberger Transfer").

47.     Upon information and belief, Barkany was insolvent at all times between the date of the Schonberger Transfer and the Petition Date or was rendered insolvent as a result of the Schonberger Transfer.

48.     Upon information and belief, the Schonberger Transfer diminished the assets of Barkany's bankruptcy estate.

E.    MDDC.

49.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed Barkany's assets in the sum of $142,000.00 to MDDC ("MDDC Transfer").

50.    Upon information and belief, Barkany was insolvent at all times between the date of the MDDC Transfer and the Petition Date or was rendered insolvent as a result of the MDDC Transfer.

51.    Upon information and belief, the MDDC Transfer diminished the assets of Barkany's bankruptcy estate.

F.    BARM.

52.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed Barkany's assets in the sum of $100,000.00 to BARM ("BARM Transfer").

53.    Upon information and belief, Barkany was insolvent at all times between the date of the BARM Transfer and the Petition Date or was rendered insolvent as a result of the BARM Transfer.

54.    Upon information and belief, the BARM Transfer diminished the assets of Barkany's bankruptcy estate.

G.    Hirschler.

55.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed Barkany's assets in the sum of $27,000.00 to Hirschler ("Hirschler Transfer").

56.     Upon information and belief, Barkany was insolvent at all times between the date of the Hirschler Transfer and the Petition Date or was rendered insolvent as a result of the Hirschler Transfer.

57.     Upon information and belief, the Hirschler Transfer diminished the assets of Barkany's bankruptcy estate.

H.     Rosenberg.

58.     Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed Barkany's assets in the sum of $15,100.00 to Rosenberg ("Rosenberg Transfer").

59.     Upon information and belief, Barkany was insolvent at all times between the date of the Rosenberg Transfer and the Petition Date or was rendered insolvent as a result of the Rosenberg Transfer.

60.     Upon information and belief, the Rosenberg Transfer diminished the assets of Barkany's bankruptcy estate.

I.     G&R.

61.     Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed Barkany's assets in the sum of $267,000.00 to G&R ("G&R Transfer").

62.     Upon information and belief, Barkany was insolvent at all times between the date of the G&R Transfer and the Petition Date or was rendered insolvent as a result of the G&R Transfer.

63.     Upon information and belief, the G&R Transfer diminished the assets of Barkany's bankruptcy estate.

## AS AND FOR A FIRST CLAIM FOR
## RELIEF - CONVERSION
(Gerson)

64.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" of this Complaint as if more fully set forth at length herein.

65.    Upon information and belief, on or about March 13, 2013, Defendant Gerson came into possession of the sum of $750,000.00, which sum was to be held by Defendant Gerson for the benefit of Barkany.

66.    Upon information and belief, Defendant Gerson wrongfully and unlawfully converted the $750,000.00 to his own use without Barkany's authorization or consent.

67.    The Interim Trustee is entitled to the return of $750,000.00 on behalf of Barkany's Estate.

68.    By reason of the above, the Plaintiff has sustained money damages in the sum of $750,000.00, plus interest from March 13, 2013.

## AS AND FOR A SECOND CLAIM FOR
## RELIEF - UNJUST ENRICHMENT
(Gerson)

69.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" of this Complaint as if more fully set forth at length herein.

70.    Upon information and belief, on or about March 13, 2013, Defendant Gerson came into possession of the sum of $750,000.00, which sum was to be held by Defendant Gerson for the benefit of Barkany.

71.    Upon information and belief, Defendant Gerson wrongfully retained the sum of $750,000.00.

10

72.    Upon information and belief, Defendant Gerson has been unjustly enriched by retaining the sum of $750,000.00 to the detriment of Barkany.

73.    The Interim Trustee is entitled to recover the sum of $750,000.00 on behalf of Barkany's Estate.

74.    By reason of the above, the Plaintiff has sustained money damages in the sum of $750,000.00, plus interest from March 13, 2013.

### AS AND FOR A THIRD CLAIM FOR
### RELIEF - MONIES HAD AND RECEIVED
(Gerson)

75.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" of this Complaint as if more fully set forth at length herein.

76.    Upon information and belief, on or about March 13, 2013, Defendant Gerson came into possession of the sum of $750,000.00, which sum was to be held by Defendant Gerson for the benefit of Barkany.

77.    Upon information and belief, Defendant Gerson had and received the sum of $750,000.00 as of March 13, 2013, which funds belong to Plaintiff.

78.    The Interim Trustee is entitled to recover the sum of $750,000.00 on behalf of Barkany's Estate.

79.    By reason of the foregoing, the Plaintiff has sustained money damages in the sum of $750,000.00, plus interest from March 13, 2013.

### AS AND FOR A FOURTH CLAIM FOR
### RELIEF - BREACH OF FIDUCIARY DUTY
(Gerson)

80.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" of this Complaint as if more fully set forth at length herein.

11

81.     Upon information and belief, on or about March 13, 2013, Defendant Gerson came into possession of the sum of $750,000.00, which was to be held by Defendant Gerson for the benefit of Barkany.

82.     Upon information and belief, as Barkany's attorney, Defendant Gerson owed a fiduciary duty to Barkany.

83.     Upon information and belief, Defendant Gerson breached his fiduciary duty to Barkany by not holding the sum of $750,000.00 in the escrow account.

84.     The Debtor's Estate has been harmed by Defendant Gerson's breach of fiduciary duty.

85.     The Interim Trustee is entitled to recover monetary damages on behalf of Barkany's Estate as a result Defendant Gerson's breach of fiduciary duty.

86.     By reason of Defendant Gerson's breach of fiduciary duty, Plaintiff has been damaged in a sum to be determined at trial.

## AS AND FOR A FIFTH CLAIM FOR
## RELIEF - CONVERSION
### (BMP)

87.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "39" through "42" of this Complaint as if more fully set forth at length herein.

88.     Upon information and belief, on or about March 13, 2013, Defendant BMP came into possession of the sum of $750,000.00, which was to be held by Defendant BMP for the benefit of Defendant BMP.

89.     Upon information and belief, Defendant BMP has wrongfully and unlawfully took the $750,000.00 from Barkany and has converted them to its own use without Barkany's consent.

12

90.    The Interim Trustee is entitled to the return of $750,000.00 on behalf of the Debtor's Estate.

91.    By reason of the above, the Plaintiff has sustained money damages in the sum of $750,000.00, plus interest from March 13, 2013.

## AS AND FOR A SIXTH CLAIM FOR
## RELIEF - UNJUST ENRICHMENT
### (BMP)

92.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "39" through "42" of this Complaint as if more fully set forth at length herein.

93.    Upon information and belief, on or about March 13, 2013, Defendant BMP came into possession of the sum of $750,000.00, which was to be held by Defendant BMP for the benefit of Barkany.

94.    Upon information and belief, Defendant BMP has wrongfully retained the sum of $750,000.00 from Barkany.

95.    Upon information and belief, Defendant BMP has been unjustly enriched by retaining the sum of $750,000.00 to the detriment of Barkany.

96.    The Interim Trustee is entitled to recover the sum of $750,000.00 on behalf of Barkany's Estate.

97.    By reason of the above, the Plaintiff has sustained money damages in the sum of $750,000.00, plus interest from March 13, 2013.

13

## AS AND FOR A SEVENTH CLAIM FOR
### RELIEF - MONIES HAD AND RECEIVED
(BMP)

98.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "39" through "42" of this Complaint as if more fully set forth at length herein.

99.     Upon information and belief, on or about March 13, 2013, Defendant BMP came into possession of the sum of $750,000.00, which was to be held by Defendant BMP for the benefit of Barkany.

100.    Upon information and belief, Defendant BMP had and received the sum of $750,000.00 as of March 13, 2013, which funds belong to Plaintiff.

101.    The Interim Trustee is entitled to recover the sum of $750,000.00 on behalf of Barkany's Estate.

102.    By reason of the foregoing, the Plaintiff has sustained money damages in the sum of $750,000.00, plus interest from March 13, 2013.

## AS AND FOR AN EIGHTH CLAIM FOR
### RELIEF - BREACH OF FIDUCIARY DUTY
(BMP)

103.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "39" through "42" of this Complaint as if more fully set forth at length herein.

104.    Upon information and belief, as Barkany's attorneys, Defendant BMP owed a fiduciary duty to Barkany.

14

105.    Upon information and belief, on or about March 13, 2013, Defendant BMP came into possession of the sum of $750,000.00, which was to be held by Defendant BMP for the benefit of Barkany.

106.    Upon information and belief, Defendant BMP breached the fiduciary duty that it owed to Barkany by not holding the sum of $750,000.00 in the escrow account.

107.    The Debtor's Estate has been harmed by Defendant BMP's breach of its fiduciary duty.

108.    The Interim Trustee is entitled to recover monetary damages on behalf of Barkany's Estate as a result Defendant BMP's breach of fiduciary duty.

109.    By reason of Defendant BMP's breach of fiduciary duty, Plaintiff has been damaged in a sum to be determined at trial.

## AS AND FOR A NINTH CLAIM FOR
## RELIEF PURSUANT TO 11 U.S.C. § 548(a)(1)(A)
(Charber Transfer)

110.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "43" through "45" of this Complaint as if more fully set forth at length herein.

111.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Charber Transfer.

112.    The Charber Transfer was made with the actual intent to hinder, delay, or defraud entities to which Barkany was or became indebted to on or after the date of the Transfers.

113.    The Charber Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A).

114.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Charber Transfer; (b) directing that the Charber Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00 representing the sum of the Charber Transfer.

## AS AND FOR A TENTH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(I)
(Charber Transfer)

115.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "43" through "45" of this Complaint as if more fully set forth at length herein.

116.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Charber Transfer.

117.    The Charber Transfer was made in exchange for less than reasonably equivalent value and while Barkany was insolvent or became insolvent as a result thereof.

118.    The Charber Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

119.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Charber Transfer; (b) directing that the Charber Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00 representing the sum of the Charber Transfer.

### AS AND FOR AN ELEVENTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(II)
(Charber Transfer)

120.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "43" through "45" of this Complaint as if more fully set forth at length herein.

121.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Charber Transfer.

122.    The Charber Transfer was made in exchange for less than reasonably equivalent value and after the Charber Transfer was made, the property remaining in Barkany's possession was an unreasonably small amount of capital.

123.    The Charber Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

124.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Charber Transfer; (b) directing that the Charber Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00 representing the sum of the Charber Transfer.

### AS AND FOR A TWELFTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(III)
(Charber Transfer)

125.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "43" through "45" of this Complaint as if more fully set forth at length herein.

126.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Charber Transfer.

17

127.    The Charber Transfer was made in exchange for less than reasonably equivalent value and while Barkany intended to incur or should have known that he would incur debts beyond his ability to pay as such debts matured.

128.    The Charber Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III).

129.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Charber Transfer; (b) directing that the Charber Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00 representing the sum of the Charber Transfer.

### AS AND FOR A THIRTEENTH CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 273
(Charber Transfer)

130.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "43" through "45" of this Complaint as if more fully set forth at length herein.

131.    Upon information and belief, on or about March 13, 2013, the Debtor, through Defendant Gerson made the Charber Transfer.

132.    Upon information and belief, Barkany was either insolvent at the time of the Charber Transfer or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

133.    Upon information and belief, Barkany did not receive fair consideration in exchange for the Charber Transfer within the meaning of New York Debtor and Creditor Law § 272.

18

134.    Upon information and belief, on the date that Barkany filed his Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the Charber Transfer under New York Debtor and Creditor Law § 273.

135.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Charber Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the Charber Transfer, or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00 representing the total sum of the Charber Transfer.

### AS AND FOR A FOURTEENTH CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 275
(Charber Transfer)

136.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "43" through "45" of this Complaint as if more fully set forth at length herein.

137.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Charber Transfer.

138.    Upon information and belief, on the date of the Charber Transfer without sufficient consideration, Barkany knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

139.    Upon information and belief, Barkany's knowledge of such inability to pay such debts requires that the Charber Transfer be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

140.    Upon information and belief, on the Petition Date, there were actual existing creditors who could have avoided the Charber Transfer under New York Debtor and Creditor Law § 275.

141.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that the Charber Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 275; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the Charber Transfer, or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00 representing the total sum of the Charber Transfer.

**AS AND FOR A FIFTEENTH CLAIM FOR RELIEF**
**PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 276**
(Charber Transfer)

142.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "43" through "45" of this Complaint as if more fully set forth at length herein.

143.    Upon information and belief, the Charber Transfer was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

144.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that the Charber Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law §276; (b) pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 278, setting aside the Charber Transfer, or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00 representing the total sum of the Charber Transfer.

### AS AND FOR A SIXTEENTH CLAIM FOR RELIEF
### PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW § 276-a
(Charber Transfer)

145.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "43" through "45" of this Complaint as if more fully set forth at length herein.

146.    Upon information and belief, the Charber Transfer was made by the Debtor, through his agents Gerson and BMP, and received by Charber with the intent to hinder, delay, or defraud present or future creditors of the Debtor, through his agents Gerson and BMP, pursuant to New York Debtor and Creditor Law § 276.

147.    By reason of the actual intent of the Debtor, through his agents Gerson and BMP, and Charber to defraud Barkany's creditors, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

### AS AND FOR A SEVENTEENTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 502(d)
(Charber)

148.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "43" through "45" of this Complaint as if more fully set forth at length herein.

149.    Charber is an entity from which property is recoverable under 11 U.S.C. § 550.

150.    Charber is a transferee of the Charber Transfer.

151.    The Charber Transfer is avoidable under 11 U.S.C. § 548.

152.    Charber has not paid the Charber Transfer or an amount equal to the Charber Transfer to the Plaintiff for which Charber is liable under 11 U.S.C. § 550.

21

153.    Pursuant to 11 U.S.C. § 502(d), any and all claims of Charber, and/or its assignee, against the Debtor's Estate must be disallowed until such time as Charber pays to Plaintiff an amount equal to the aggregate amount of the Charber Transfer in the sum of $267,000.00, plus interest from March 13, 2013.

154.    Pursuant to 11 U.S.C. § 502(j), any and all claims of Charber, and/or its assignee, against the Debtor's Estate previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as Charber pays to the Plaintiff an amount equal to the aggregate amount of the Charber Transfer in the sum of $267,000.00, plus interest from March 13, 2013.

## AS AND FOR AN EIGHTEENTH CLAIM FOR RELIEF PURSUANT TO 11 U.S.C. § 548(a)(1)(A)
(Schonberger Transfer)

155.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "46" through "48" of this Complaint as if more fully set forth at length herein.

156.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Schonberger Transfer.

157.    The Schonberger Transfer was made with the actual intent to hinder, delay, or defraud entities to which Barkany was or became indebted to on or after the date of the Transfers.

158.    The Schonberger Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A).

159.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Schonberger Transfer; (b) directing that the Schonberger Transfer be set aside pursuant to 11

U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Schonberger in a sum of not less than $180,000.00 representing the sum of the Schonberger Transfer.

## AS AND FOR A NINETEENTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(I)
(Schonberger Transfer)

160.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "46" through "48" of this Complaint as if more fully set forth at length herein.

161.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Schonberger Transfer.

162.    The Schonberger Transfer was made in exchange for less than reasonably equivalent value and while Barkany was insolvent or became insolvent as a result thereof.

163.    The Schonberger Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

164.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Schonberger Transfer; (b) directing that the Schonberger Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Schonberger in a sum of not less than $180,000.00 representing the sum of the Schonberger Transfer.

## AS AND FOR A TWENTIETH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(II)
(Schonberger Transfer)

165.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "46" through "48" of this Complaint as if more fully set forth at length herein.

166.     Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Schonberger Transfer.

167.     The Schonberger Transfer was made in exchange for less than reasonably equivalent value and after the Schonberger Transfer was made, the property remaining in Barkany's possession was an unreasonably small amount of capital.

168.     The Schonberger Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

169.     By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Schonberger Transfer; (b) directing that the Schonberger Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Schonberger in a sum of not less than $180,000.00 representing the sum of the Schonberger Transfer.

## AS AND FOR A TWENTY-FIRST CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(III)
(Schonberger Transfer)

170.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "46" through "48" of this Complaint as if more fully set forth at length herein.

171.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Schonberger Transfer.

172.    The Schonberger Transfer was made in exchange for less than reasonably equivalent value and while Barkany intended to incur or should have known that he would incur debts beyond his ability to pay as such debts matured.

173.    The Schonberger Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III).

174.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Schonberger Transfer; (b) directing that the Schonberger Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Schonberger in a sum of not less than $180,000.00 representing the sum of the Schonberger Transfer.

### AS AND FOR A TWENTY-SECOND CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 273
(Schonberger Transfer)

175.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "46" through "48" of this Complaint as if more fully set forth at length herein.

176.    Upon information and belief, on or about March 13, 2013, the Debtor, through Defendant Gerson made the Schonberger Transfer.

177.    Upon information and belief, Barkany was either insolvent at the time of the Schonberger Transfer or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

25

178.    Upon information and belief, Barkany did not receive fair consideration in exchange for the Schonberger Transfer within the meaning of New York Debtor and Creditor Law § 272.

179.    Upon information and belief, on the date that Barkany filed his Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the Schonberger Transfer under New York Debtor and Creditor Law § 273.

180.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Schonberger Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the Schonberger Transfer, or in the alternative, awarding Plaintiff damages as against Schonberger in a sum of not less than $180,000.00 representing the total sum of the Schonberger Transfer.

### AS AND FOR A TWENTY-THIRD CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 275
(Schonberger Transfer)

181.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "46" through "48" of this Complaint as if more fully set forth at length herein.

182.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Schonberger Transfer.

183.    Upon information and belief, on the date of the Schonberger Transfer without sufficient consideration, Barkany knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

184.    Upon information and belief, Barkany's knowledge of such inability to pay such debts requires that the Schonberger Transfer be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

185.    Upon information and belief, on the Petition Date, there were actual existing creditors who could have avoided the Schonberger Transfer under New York Debtor and Creditor Law § 275.

186.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that the Schonberger Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 275; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the Schonberger Transfer, or in the alternative, awarding Plaintiff damages as against Schonberger in a sum of not less than $180,000.00 representing the total sum of the Schonberger Transfer.

### AS AND FOR A TWENTY-FOURTH CLAIM FOR RELIEF
### PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 276
(Schonberger Transfer)

187.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "46" through "48" of this Complaint as if more fully set forth at length herein.

188.    Upon information and belief, the Schonberger Transfer was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

189.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that Schonberger Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law §276; (b) pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 278, setting aside the Schonberger Transfer, or in the alternative, awarding Plaintiff damages as against

Schonberger in a sum of not less than $180,000.00 representing the total sum of the Schonberger Transfer.

## AS AND FOR A TWENTY-FIFTH CLAIM FOR RELIEF
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW § 276-a
(Schonberger Transfer)

190.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "46" through "48" of this Complaint as if more fully set forth at length herein.

191.    Upon information and belief, the Schonberger Transfer was made by the Debtor, through his agents Gerson and BMP, and received by Schonberger with the intent to hinder, delay, or defraud present or future creditors of the Debtor, through his agents Gerson and BMP, pursuant to New York Debtor and Creditor Law § 276.

192.    By reason of the actual intent of the Debtor, through his agents Gerson and BMP, and Schonberger to defraud Barkany's creditors, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

## AS AND FOR A TWENTY-SIXTH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 502(d)
(Schonberger)

193.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "46" through "48" of this Complaint as if more fully set forth at length herein.

194.    Schonberger is an individual from which property is recoverable under 11 U.S.C. § 550.

195.    Schonberger is a transferee of the Schonberger Transfer.

196.    The Schonberger Transfer is avoidable under 11 U.S.C. § 548.

28

197.    Schonberger has not paid the Schonberger Transfer or an amount equal to the Schonberger Transfer to the Plaintiff for which Schonberger is liable under 11 U.S.C. § 550.

198.    Pursuant to 11 U.S.C. § 502(d), any and all claims of Schonberger, and/or his assignee, against the Debtor's Estate must be disallowed until such time as Schonberger pays to Plaintiff an amount equal to the aggregate amount of the Schonberger Transfer in the sum of $180,000.00, plus interest from March 13, 2013.

199.    Pursuant to 11 U.S.C. § 502(j), any and all claims of Schonberger, and/or his assignee, against the Debtor's Estate previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as Schonberger pays to the Plaintiff an amount equal to the aggregate amount of the Schonberger Transfer in the sum of $180,000.00, plus interest from March 13, 2013.

## AS AND FOR A TWENTY-SEVENTH CLAIM FOR RELIEF PURSUANT TO 11 U.S.C. § 548(a)(1)(A)
(MDDC Transfer)

200.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "49" through "51" of this Complaint as if more fully set forth at length herein.

201.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the MDDC Transfer.

202.    The MDDC Transfer was made with the actual intent to hinder, delay, or defraud entities to which Barkany was or became indebted to on or after the date of the Transfers.

203.    The MDDC Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A).

29

204.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the MDDC Transfer; (b) directing that the MDDC Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against MDDC in a sum of not less than $142,000.00 representing the sum of the MDDC Transfer.

### AS AND FOR A TWENTY-EIGHTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(I)
(MDDC Transfer)

205.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "49" through "51" of this Complaint as if more fully set forth at length herein.

206.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the MDDC Transfer.

207.    The MDDC Transfer was made in exchange for less than reasonably equivalent value and while Barkany was insolvent or became insolvent as a result thereof.

208.    The MDDC Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

209.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the MDDC Transfer; (b) directing that the MDDC Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against MDDC in a sum of not less than $142,000.00 representing the sum of the MDDC Transfer.

## AS AND FOR A TWENTY-NINTH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(II)
(MDDC Transfer)

210.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "49" through "51" of this Complaint as if more fully set forth at length herein.

211.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the MDDC Transfer.

212.    The MDDC Transfer was made in exchange for less than reasonably equivalent value and after the MDDC Transfer was made, the property remaining in Barkany's possession was an unreasonably small amount of capital.

213.    The MDDC Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

214.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the MDDC Transfer; (b) directing that the MDDC Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against MDDC in a sum of not less than $142,000.00 representing the sum of the MDDC Transfer.

## AS AND FOR A THIRTIETH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(III)
(MDDC Transfer)

215.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "49" through "51" of this Complaint as if more fully set forth at length herein.

216.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the MDDC Transfer.

31

217.    The MDDC Transfer was made in exchange for less than reasonably equivalent value and while Barkany intended to incur or should have known that he would incur debts beyond his ability to pay as such debts matured.

218.    The MDDC Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III).

219.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the MDDC Transfer; (b) directing that the MDDC Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against MDDC in a sum of not less than $142,000.00 representing the sum of the MDDC Transfer.

### AS AND FOR A THIRY-FIRST CLAIM FOR RELIEF PURSUANT ### TO NEW YORK DEBTOR AND CREDITOR LAW § 273
(MDDC Transfer)

220.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "49" through "51" of this Complaint as if more fully set forth at length herein.

221.    Upon information and belief, on or about March 13, 2013, the Debtor, through Defendant Gerson made the MDDC Transfer.

222.    Upon information and belief, Barkany was either insolvent at the time of the MDDC Transfer or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

223.    Upon information and belief, Barkany did not receive fair consideration in exchange for the MDDC Transfer within the meaning of New York Debtor and Creditor Law § 272.

224.    Upon information and belief, on the date that Barkany filed his Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the MDDC Transfer under New York Debtor and Creditor Law § 273.

225.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the MDDC Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the MDDC Transfer, or in the alternative, awarding Plaintiff damages as against MDDC in a sum of not less than $142,000.00 representing the total sum of the MDDC Transfer.

## AS AND FOR A THIRTY-SECOND CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 275
(MDDC Transfer)

226.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "49" through "51" of this Complaint as if more fully set forth at length herein.

227.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the MDDC Transfer.

228.    Upon information and belief, on the date of the MDDC Transfer without sufficient consideration, Barkany knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

229.    Upon information and belief, Barkany's knowledge of such inability to pay such debts requires that the MDDC Transfer be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

230.    Upon information and belief, on the Petition Date, there were actual existing creditors who could have avoided the MDDC Transfer under New York Debtor and Creditor Law § 275.

231.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that the MDDC Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 275; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the MDDC Transfer, or in the alternative, awarding Plaintiff damages as against MDDC in a sum of not less than $142,000.00 representing the total sum of the MDDC Transfer.

## AS AND FOR A THIRTY-THIRD CLAIM FOR RELIEF
## PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 276
(MDDC Transfer)

232.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "49" through "51" of this Complaint as if more fully set forth at length herein.

233.    Upon information and belief, the MDDC Transfer was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

234.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that MDDC Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law §276; (b) pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 278, setting aside the MDDC Transfer, or in the alternative, awarding Plaintiff damages as against MDDC in a sum of not less than $142,000.00 representing the total sum of the MDDC Transfer.

## AS AND FOR A THIRTY-FOURTH CLAIM FOR RELIEF
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW § 276-a
(MDDC Transfer)

235.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "49" through "51" of this Complaint as if more fully set forth at length herein.

236.    Upon information and belief, the MDDC Transfer was made by the Debtor, through his agents Gerson and BMP, and received by MDDC with the intent to hinder, delay, or defraud present or future creditors of the Debtor, through his agents Gerson and BMP, pursuant to New York Debtor and Creditor Law § 276.

237.    By reason of the actual intent of the Debtor, through his agents Gerson and BMP, and MDDC to defraud Barkany's creditors, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

## AS AND FOR A THIRTY-FIFTH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 502(d)
(MDDC)

238.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "49" through "51" of this Complaint as if more fully set forth at length herein.

239.    MDDC is an entity from which property is recoverable under 11 U.S.C. § 550.

240.    MDDC is a transferee of the MDDC Transfer.

241.    The MDDC Transfer is avoidable under 11 U.S.C. § 548.

242.    MDDC has not paid the MDDC Transfer or an amount equal to the MDDC Transfer to the Plaintiff for which MDDC is liable under 11 U.S.C. § 550.

243.    Pursuant to 11 U.S.C. § 502(d), any and all claims of MDDC, and/or its assignee, against the Debtor's Estate must be disallowed until such time as MDDC pays to Plaintiff an amount equal to the aggregate amount of the MDDC Transfer in the sum of $142,000.00, plus interest from March 13, 2013.

244.    Pursuant to 11 U.S.C. § 502(j), any and all claims of MDDC, and/or its assignee, against the Debtor's Estate previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as MDDC pays to the Plaintiff an amount equal to the aggregate amount of the MDDC Transfer in the sum of $142,000.00, plus interest from March 13, 2013.

## AS AND FOR A THIRTY-SIXTH CLAIM FOR
## RELIEF PURSUANT TO 11 U.S.C. § 548(a)(1)(A)
(BARM Transfer)

245.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "52" through "54" of this Complaint as if more fully set forth at length herein.

246.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the BARM Transfer.

247.    The BARM Transfer was made with the actual intent to hinder, delay, or defraud entities to which Barkany was or became indebted to on or after the date of the Transfers.

248.    The BARM Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A).

249.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the BARM Transfer; (b) directing that the BARM Transfer be set aside pursuant to 11 U.S.C. §§

36

544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00 representing the sum of the BARM Transfer.

## AS AND FOR A THIRTY-SEVENTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(I)
(BARM Transfer)

250.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "52" through "54" of this Complaint as if more fully set forth at length herein.

251.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the BARM Transfer.

252.    The BARM Transfer was made in exchange for less than reasonably equivalent value and while Barkany was insolvent or became insolvent as a result thereof.

253.    The BARM Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

254.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the BARM Transfer; (b) directing that the BARM Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00 representing the sum of the BARM Transfer.

## AS AND FOR A THIRTY-EIGHTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(II)
(BARM Transfer)

255.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "52" through "54" of this Complaint as if more fully set forth at length herein.

256.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the BARM Transfer.

257.    The BARM Transfer was made in exchange for less than reasonably equivalent value and after the BARM Transfer was made, the property remaining in Barkany's possession was an unreasonably small amount of capital.

258.    The BARM Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

259.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the BARM Transfer; (b) directing that the BARM Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00 representing the sum of the BARM Transfer.

## AS AND FOR A THIRTY-NINTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(III)
(BARM Transfer)

260.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "52" through "54" of this Complaint as if more fully set forth at length herein.

261.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the BARM Transfer.

262.    The BARM Transfer was made in exchange for less than reasonably equivalent value and while Barkany intended to incur or should have known that he would incur debts beyond his ability to pay as such debts matured.

263.    The BARM Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III).

264.     By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the BARM Transfer; (b) directing that the BARM Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00 representing the sum of the BARM Transfer.

### AS AND FOR A FORTIETH CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 273
(BARM Transfer)

265.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "52" through "54" of this Complaint as if more fully set forth at length herein.

266.     Upon information and belief, on or about March 13, 2013, the Debtor, through Defendant Gerson made the BARM Transfer.

267.     Upon information and belief, Barkany was either insolvent at the time of the BARM Transfer or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

268.     Upon information and belief, Barkany did not receive fair consideration in exchange for the BARM Transfer within the meaning of New York Debtor and Creditor Law § 272.

269.     Upon information and belief, on the date that Barkany filed his Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the BARM Transfer under New York Debtor and Creditor Law § 273.

270.     By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the BARM Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the BARM Transfer, or in

the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00 representing the total sum of the BARM Transfer.

## AS AND FOR A FORTY-FIRST CLAIM FOR RELIEF PURSUANT
## TO NEW YORK DEBTOR AND CREDITOR LAW § 275
(BARM Transfer)

271.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "52" through "54" of this Complaint as if more fully set forth at length herein.

272.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the BARM Transfer.

273.    Upon information and belief, on the date of the BARM Transfer without sufficient consideration, Barkany knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

274.    Upon information and belief, Barkany's knowledge of such inability to pay such debts requires that the BARM Transfer be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

275.    Upon information and belief, on the Petition Date, there were actual existing creditors who could have avoided the BARM Transfer under New York Debtor and Creditor Law § 275.

276.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that the BARM Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 275; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the BARM Transfer, or in the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00 representing the total sum of the BARM Transfer.

## AS AND FOR A FORTY-SECOND CLAIM FOR RELIEF
## PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 276
(BARM Transfer)

277.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "52" through "54" of this Complaint as if more fully set forth at length herein.

278.    Upon information and belief, the BARM Transfer was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

279.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that BARM Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law §276; (b) pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 278, setting aside the BARM Transfer, or in the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00 representing the total sum of the BARM Transfer.

## AS AND FOR A FORTY-THIRD CLAIM FOR RELIEF
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW § 276-a
(BARM Transfer)

280.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "52" through "54" of this Complaint as if more fully set forth at length herein.

281.    Upon information and belief, the BARM Transfer was made by the Debtor, through his agents Gerson and BMP, and received by BARM with the intent to hinder, delay, or defraud present or future creditors of the Debtor, through his agents Gerson and BMP, pursuant to New York Debtor and Creditor Law § 276.

282.    By reason of the actual intent of the Debtor, through his agents Gerson and BMP, and BARM to defraud Barkany's creditors, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

## AS AND FOR A FORTY-FOURTH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 502(d)
(BARM)

283.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "52" through "54" of this Complaint as if more fully set forth at length herein.

284.    BARM is an entity from which property is recoverable under 11 U.S.C. § 550.

285.    BARM is a transferee of the BARM Transfer.

286.    The BARM Transfer is avoidable under 11 U.S.C. § 548.

287.    BARM has not paid the BARM Transfer or an amount equal to the BARM Transfer to the Plaintiff for which BARM is liable under 11 U.S.C. § 550.

288.    Pursuant to 11 U.S.C. § 502(d), any and all claims of BARM, and/or its assignee, against the Debtor's Estate must be disallowed until such time as BARM pays to Plaintiff an amount equal to the aggregate amount of the BARM Transfer in the sum of $100,000.00, plus interest from March 13, 2013.

289.    Pursuant to 11 U.S.C. § 502(j), any and all claims of BARM, and/or its assignee, against the Debtor's Estate previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as BARM pays to the Plaintiff an amount equal to the aggregate amount of the BARM Transfer in the sum of $100,000.00, plus interest from March 13, 2013.

### AS AND FOR A FORTY-FIFTH CLAIM FOR
### RELIEF PURSUANT TO 11 U.S.C. § 548(a)(1)(A)
(Hirschler Transfer)

290.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "55" through "57" of this Complaint as if more fully set forth at length herein.

291.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Hirschler Transfer.

292.    The Hirschler Transfer was made with the actual intent to hinder, delay, or defraud entities to which Barkany was or became indebted to on or after the date of the Transfers.

293.    The Hirschler Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A).

294.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Hirschler Transfer; (b) directing that the Hirschler Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00 representing the sum of the Hirschler Transfer.

### AS AND FOR A FORTY-SIXTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(I)
(Hirschler Transfer)

295.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "55" through "57" of this Complaint as if more fully set forth at length herein.

296.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Hirschler Transfer.

297.    The Hirschler Transfer was made in exchange for less than reasonably equivalent value and while Barkany was insolvent or became insolvent as a result thereof.

298.    The Hirschler Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

299.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Hirschler Transfer; (b) directing that the Hirschler Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00 representing the sum of the Hirschler Transfer.

### AS AND FOR A FORTY-SEVENTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(II)
(Hirschler Transfer)

300.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "55" through "57" of this Complaint as if more fully set forth at length herein.

301.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Hirschler Transfer.

302.    The Hirschler Transfer was made in exchange for less than reasonably equivalent value and after the Hirschler Transfer was made, the property remaining in Barkany's possession was an unreasonably small amount of capital.

303.    The Hirschler Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

304.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Hirschler Transfer; (b) directing that the Hirschler Transfer be set aside pursuant to 11 U.S.C. §§

544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00 representing the sum of the Hirschler Transfer.

## AS AND FOR A FORTY-EIGHTH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(III)
(Hirschler Transfer)

305.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "55" through "57" of this Complaint as if more fully set forth at length herein.

306.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Hirschler Transfer.

307.    The Hirschler Transfer was made in exchange for less than reasonably equivalent value and while Barkany intended to incur or should have known that he would incur debts beyond his ability to pay as such debts matured.

308.    The Hirschler Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III).

309.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Hirschler Transfer; (b) directing that the Hirschler Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00 representing the sum of the Hirschler Transfer.

## AS AND FOR A FORTY-NINTH CLAIM FOR RELIEF PURSUANT
## TO NEW YORK DEBTOR AND CREDITOR LAW § 273
(Hirschler Transfer)

310.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "55" through "57" of this Complaint as if more fully set forth at length herein.

311.    Upon information and belief, on or about March 13, 2013, the Debtor, through Defendant Gerson made the Hirschler Transfer.

312.    Upon information and belief, Barkany was either insolvent at the time of the Hirschler Transfer or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

313.    Upon information and belief, Barkany did not receive fair consideration in exchange for the Hirschler Transfer within the meaning of New York Debtor and Creditor Law § 272.

314.    Upon information and belief, on the date that Barkany filed his Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the Hirschler Transfer under New York Debtor and Creditor Law § 273.

315.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Hirschler Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the Hirschler Transfer, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00 representing the total sum of the Hirschler Transfer.

### AS AND FOR A FIFTIETH CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 275
(Hirschler Transfer)

316.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "55" through "57" of this Complaint as if more fully set forth at length herein.

317.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Hirschler Transfer.

46

318.    Upon information and belief, on the date of the Hirschler Transfer without sufficient consideration, Barkany knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

319.    Upon information and belief, Barkany's knowledge of such inability to pay such debts requires that the Hirschler Transfer be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

320.    Upon information and belief, on the Petition Date, there were actual existing creditors who could have avoided the Hirschler Transfer under New York Debtor and Creditor Law § 275.

321.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that the Hirschler Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 275; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the Hirschler Transfer, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00 representing the total sum of the Hirschler Transfer.

### AS AND FOR A FIFTY-FIRST CLAIM FOR RELIEF
### PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 276
(Hirschler Transfer)

322.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "55" through "57" of this Complaint as if more fully set forth at length herein.

323.    Upon information and belief, the Hirschler Transfer was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

324.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that Hirschler Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law §276; (b) pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 278, setting aside the Hirschler Transfer, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00 representing the total sum of the Hirschler Transfer.

## AS AND FOR A FIFTY-SECOND CLAIM FOR RELIEF
### PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW § 276-a
(Hirschler Transfer)

325.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "55" through "57" of this Complaint as if more fully set forth at length herein.

326.    Upon information and belief, the Hirschler Transfer was made by the Debtor, through his agents Gerson and BMP, and received by Hirschler with the intent to hinder, delay, or defraud present or future creditors of the Debtor, through his agents Gerson and BMP, pursuant to New York Debtor and Creditor Law § 276.

327.    By reason of the actual intent of the Debtor, through his agents Gerson and BMP, and Hirschler to defraud Barkany's creditors, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

## AS AND FOR A FIFTY-THIRD CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 502(d)
(Hirschler)

328.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "55" through "57" of this Complaint as if more fully set forth at length herein.

329.    Hirschler is an individual from which property is recoverable under 11 U.S.C. § 550.

330.    Hirschler is a transferee of the Hirschler Transfer.

331.    The Hirschler Transfer is avoidable under 11 U.S.C. § 548.

332.    Hirschler has not paid the Hirschler Transfer or an amount equal to the Hirschler Transfer to the Plaintiff for which Hirschler is liable under 11 U.S.C. § 550.

333.    Pursuant to 11 U.S.C. § 502(d), any and all claims of Hirschler, and/or his assignee, against the Debtor's Estate must be disallowed until such time as Hirschler pays to Plaintiff an amount equal to the aggregate amount of the Hirschler Transfer in the sum of $27,000.00, plus interest from March 13, 2013.

334.    Pursuant to 11 U.S.C. § 502(j), any and all claims of Hirschler, and/or his assignee, against the Debtor's Estate previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as Hirschler pays to the Plaintiff an amount equal to the aggregate amount of the Hirschler Transfer in the sum of $27,000.00, plus interest from March 13, 2013.

## AS AND FOR A FIFTY-FOURTH CLAIM FOR RELIEF PURSUANT TO 11 U.S.C. § 548(a)(1)(A)
(Rosenberg Transfer)

335.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "58" through "60" of this Complaint as if more fully set forth at length herein.

336.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Rosenberg Transfer.

337.    The Rosenberg Transfer was made with the actual intent to hinder, delay, or defraud entities to which Barkany was or became indebted to on or after the date of the Transfers.

338.    The Rosenberg Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A).

339.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Rosenberg Transfer; (b) directing that the Rosenberg Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00 representing the sum of the Rosenberg Transfer.

### AS AND FOR A FIFTY-FIFTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(I)
(Rosenberg Transfer)

340.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "58" through "60" of this Complaint as if more fully set forth at length herein.

341.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Rosenberg Transfer.

342.    The Rosenberg Transfer was made in exchange for less than reasonably equivalent value and while Barkany was insolvent or became insolvent as a result thereof.

343.    The Rosenberg Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

344.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Rosenberg Transfer; (b) directing that the Rosenberg Transfer be set aside pursuant to 11 U.S.C.

§§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00 representing the sum of the Rosenberg Transfer.

### AS AND FOR A FIFTY-SIXTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(II)
(Rosenberg Transfer)

345.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "58" through "60" of this Complaint as if more fully set forth at length herein.

346.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Rosenberg Transfer.

347.    The Rosenberg Transfer was made in exchange for less than reasonably equivalent value and after the Rosenberg Transfer was made, the property remaining in Barkany's possession was an unreasonably small amount of capital.

348.    The Rosenberg Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

349.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Rosenberg Transfer; (b) directing that the Rosenberg Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00 representing the sum of the Rosenberg Transfer.

### AS AND FOR A FIFTY-SEVENTH CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(III)
(Rosenberg Transfer)

350.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "58" through "60" of this Complaint as if more fully set forth at length herein.

351.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Rosenberg Transfer.

352.    The Rosenberg Transfer was made in exchange for less than reasonably equivalent value and while Barkany intended to incur or should have known that he would incur debts beyond his ability to pay as such debts matured.

353.    The Rosenberg Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III).

354.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the Rosenberg Transfer; (b) directing that the Rosenberg Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00 representing the sum of the Rosenberg Transfer.

## AS AND FOR A FIFTY-EIGHTH CLAIM FOR RELIEF PURSUANT
## TO NEW YORK DEBTOR AND CREDITOR LAW § 273
(Rosenberg Transfer)

355.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "58" through "60" of this Complaint as if more fully set forth at length herein.

356.    Upon information and belief, on or about March 13, 2013, the Debtor, through Defendant Gerson made the Rosenberg Transfer.

357.    Upon information and belief, Barkany was either insolvent at the time of the Rosenberg Transfer or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

358.    Upon information and belief, Barkany did not receive fair consideration in exchange for the Rosenberg Transfer within the meaning of New York Debtor and Creditor Law § 272.

359.    Upon information and belief, on the date that Barkany filed his Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the Rosenberg Transfer under New York Debtor and Creditor Law § 273.

360.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Rosenberg Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the Rosenberg Transfer, or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00 representing the total sum of the Rosenberg Transfer.

## AS AND FOR A FIFTY-NINTH CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 275
(Rosenberg Transfer)

361.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "58" through "60" of this Complaint as if more fully set forth at length herein.

362.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the Rosenberg Transfer.

363.    Upon information and belief, on the date of the Rosenberg Transfer without sufficient consideration, Barkany knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

364.    Upon information and belief, Barkany's knowledge of such inability to pay such debts requires that the Rosenberg Transfer be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

365.    Upon information and belief, on the Petition Date, there were actual existing creditors who could have avoided the Rosenberg Transfer under New York Debtor and Creditor Law § 275.

366.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that the Rosenberg Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 275; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the Rosenberg Transfer, or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00 representing the total sum of the Rosenberg Transfer.

## AS AND FOR A SIXTIETH CLAIM FOR RELIEF
## PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 276
(Rosenberg Transfer)

367.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "58" through "60" of this Complaint as if more fully set forth at length herein.

368.    Upon information and belief, the Rosenberg Transfer was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

369.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that the Rosenberg Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law §276; (b) pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 278, setting aside the Rosenberg Transfer, or in the alternative, awarding Plaintiff damages as against

Rosenberg in a sum of not less than $15,100.00 representing the total sum of the Rosenberg Transfer.

### AS AND FOR AN SIXTY-FIRST CLAIM FOR RELIEF
### PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW § 276-a
(Rosenberg Transfer)

370.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "58" through "60" of this Complaint as if more fully set forth at length herein.

371.     Upon information and belief, the Rosenberg Transfer was made by the Debtor, through his agents Gerson and BMP, and received by Rosenberg with the intent to hinder, delay, or defraud present or future creditors of the Debtor, through his agents Gerson and BMP, pursuant to New York Debtor and Creditor Law § 276.

372.     By reason of the actual intent of the Debtor, through his agents Gerson and BMP, and Rosenberg to defraud Barkany's creditors, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

### AS AND FOR A SIXTY-SECOND CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 502(d)
(Rosenberg)

373.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "58" through "60" of this Complaint as if more fully set forth at length herein.

374.     Rosenberg is an individual from which property is recoverable under 11 U.S.C. § 550.

375.     Rosenberg is a transferee of the Rosenberg Transfer.

376.     The Rosenberg Transfer is avoidable under 11 U.S.C. § 548.

377.    Rosenberg has not paid the Rosenberg Transfer or an amount equal to the Rosenberg Transfer to the Plaintiff for which Rosenberg is liable under 11 U.S.C. § 550.

378.    Pursuant to 11 U.S.C. § 502(d), any and all claims of Rosenberg, and/or his assignee, against the Debtor's Estate must be disallowed until such time as Rosenberg pays to Plaintiff an amount equal to the aggregate amount of the Rosenberg Transfer in the sum of $15,100.00, plus interest from March 13, 2013.

379.    Pursuant to 11 U.S.C. § 502(j), any and all claims of Rosenberg, and/or his assignee, against the Debtor's Estate previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as Rosenberg pays to the Plaintiff an amount equal to the aggregate amount of the Rosenberg Transfer in the sum of $15,100.00, plus interest from March 13, 2013.

**AS AND FOR A SIXTY-THIRD CLAIM FOR**
**RELIEF PURSUANT TO 11 U.S.C. § 548(a)(1)(A)**
(G&R Transfer)

380.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "61" through "63" of this Complaint as if more fully set forth at length herein.

381.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the G&R Transfer.

382.    The G&R Transfer was made with the actual intent to hinder, delay, or defraud entities to which Barkany was or became indebted to on or after the date of the Transfers.

383.    The G&R Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A).

384.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the G&R Transfer; (b) directing that the G&R Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00 representing the sum of the G&R Transfer.

**AS AND FOR A SIXTY-FOURTH CLAIM FOR RELIEF**
**PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(I)**
(G&R Transfer)

385.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "61" through "63" of this Complaint as if more fully set forth at length herein.

386.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the G&R Transfer.

387.    The G&R Transfer was made in exchange for less than reasonably equivalent value and while Barkany was insolvent or became insolvent as a result thereof.

388.    The G&R Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

389.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the G&R Transfer; (b) directing that the G&R Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00 representing the sum of the G&R Transfer.

## AS AND FOR A SIXTY-FIFTH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(II)
(G&R Transfer)

390.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "61" through "63" of this Complaint as if more fully set forth at length herein.

391.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the G&R Transfer.

392.    The G&R Transfer was made in exchange for less than reasonably equivalent value and after the G&R Transfer was made, the property remaining in Barkany's possession was an unreasonably small amount of capital.

393.    The G&R Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

394.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the G&R Transfer; (b) directing that the G&R Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00 representing the sum of the G&R Transfer.

## AS AND FOR A SIXTY-SIXTH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(III)
(G&R Transfer)

395.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "61" through "63" of this Complaint as if more fully set forth at length herein.

396.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the G&R Transfer.

397. The G&R Transfer was made in exchange for less than reasonably equivalent value and while Barkany intended to incur or should have known that he would incur debts beyond his ability to pay as such debts matured.

398. The G&R Transfer is void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III).

399. By virtue of the foregoing, Plaintiff is entitled to judgment: (a) avoiding the G&R Transfer; (b) directing that the G&R Transfer be set aside pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00 representing the sum of the G&R Transfer.

## AS AND FOR A SIXTY-SEVENTH CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 273
(G&R Transfer)

400. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "61" through "63" of this Complaint as if more fully set forth at length herein.

401. Upon information and belief, on or about March 13, 2013, the Debtor, through Defendant Gerson made the G&R Transfer.

402. Upon information and belief, Barkany was either insolvent at the time of the G&R Transfer or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

403. Upon information and belief, Barkany did not receive fair consideration in exchange for the G&R Transfer within the meaning of New York Debtor and Creditor Law § 272.

404.    Upon information and belief, on the date that Barkany filed his Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the G&R Transfer under New York Debtor and Creditor Law § 273.

405.    By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the G&R Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the G&R Transfer, or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00 representing the total sum of the G&R Transfer.

## AS AND FOR A SIXTY-EIGHTH CLAIM FOR RELIEF PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 275
(G&R Transfer)

406.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "61" through "63" of this Complaint as if more fully set forth at length herein.

407.    Upon information and belief, on or about March 13, 2013, Defendants Gerson and BMP fraudulently conveyed the Debtor's assets by making the G&R Transfer.

408.    Upon information and belief, on the date of the G&R Transfer without sufficient consideration, Barkany knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

409.    Upon information and belief, Barkany's knowledge of such inability to pay such debts requires that the G&R Transfer be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

60

410.    Upon information and belief, on the Petition Date, there were actual existing creditors who could have avoided the G&R Transfer under New York Debtor and Creditor Law § 275.

411.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that the G&R Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 275; (b) pursuant to New York Debtor and Creditor Law § 278, setting aside the G&R Transfer, or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00 representing the total sum of the G&R Transfer.

## AS AND FOR A SIXTY-NINTH CLAIM FOR RELIEF
## PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 276
(G&R Transfer)

412.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "61" through "63" of this Complaint as if more fully set forth at length herein.

413.    Upon information and belief, the G&R Transfer was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

414.    By virtue of the foregoing, the Plaintiff requests a judgment: (a) finding that G&R Transfer was a fraudulent conveyance pursuant to New York Debtor and Creditor Law §276; (b) pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 278, setting aside the G&R Transfer, or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00 representing the total sum of the G&R Transfer.

## AS AND FOR A SEVENTIETH CLAIM FOR RELIEF
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW § 276-a
(G&R Transfer)

415. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "61" through "63" of this Complaint as if more fully set forth at length herein.

416. Upon information and belief, the G&R Transfer was made by the Debtor, through his agents Gerson and BMP, and received by G&R with the intent to hinder, delay, or defraud present or future creditors of the Debtor, through his agents Gerson and BMP, pursuant to New York Debtor and Creditor Law § 276.

417. By reason of the actual intent of the Debtor, through his agents Gerson and BMP, and G&R to defraud Barkany's creditors, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

## AS AND FOR A SEVENTY-FIRST CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 502(d)
(G&R)

418. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" and "61" through "63" of this Complaint as if more fully set forth at length herein.

419. G&R is an entity from which property is recoverable under 11 U.S.C. § 550.

420. G&R is a transferee of the G&R Transfer.

421. The G&R Transfer is avoidable under 11 U.S.C. § 548.

422. G&R has not paid the G&R Transfer or an amount equal to the G&R Transfer to the Plaintiff for which G&R is liable under 11 U.S.C. § 550.

423. Pursuant to 11 U.S.C. § 502(d), any and all claims of G&R, and/or its assignee, against the Debtor's Estate must be disallowed until such time as G&R pays to Plaintiff an amount equal to the aggregate amount of the G&R Transfer in the sum of $18,900.00, plus interest from March 13, 2013.

424. Pursuant to 11 U.S.C. § 502(j), any and all claims of G&R, and/or its assignee, against the Debtor's Estate previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as G&R pays to the Plaintiff an amount equal to the aggregate amount of the G&R Transfer in the sum of $18,900.00, plus interest from March 13, 2013.

WHEREFORE, Marc A. Pergament, Plaintiff-Trustee respectfully requests that this Court enter judgment against Defendants Alan Gerson, Bruce Montague & Partners, Charber Realty, Alfred Schonberger, Marina District Development Co. LLC, Barkany Asset Recovery & Management LLC, Daniel Hirschler, Joseph Rosenberg and Goldberg & Rimberg, PLLC, as follows:

    a.    as to the First Claim for Relief, awarding Plaintiff a judgment as against Gerson in a sum of not less than $750,000.00, plus interest from March 13, 2013;

    b.    as to the Second Claim for Relief, awarding Plaintiff a judgment as against Gerson in a sum of not less than $750,000.00, plus interest from March 13, 2013;

    c.    as to the Third Claim for Relief, awarding Plaintiff a judgment as against Gerson in a sum of not less than $750,000.00, plus interest from March 13, 2013;

d.     as to the Fourth Claim for Relief, awarding Plaintiff a judgment as against Gerson in a sum to be determined at trial, but in no event less than the sum of $750,000.00, plus interest from March 13, 2013;

e.     as to the Fifth Claim for Relief, awarding Plaintiff a judgment as against BMP in a sum of not less than $750,000.00, plus interest from March 13, 2013;

f.     as to the Sixth Claim for Relief, awarding Plaintiff a judgment as against BMP in a sum of not less than $750,000.00, plus interest from March 13, 2013;

g.     as to the Seventh Claim for Relief, awarding Plaintiff a judgment as against BMP in a sum of not less than $750,000.00, plus interest from March 13, 2013;

h.     as to the Eighth Claim for Relief, awarding Plaintiff a judgment as against BMP in a sum to be determined at trial, but in no event less than the sum of $750,000.00, plus interest from March 13, 2013;

i.     as to the Ninth Claim for Relief: (a) declaring the Charber Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Charber Transfer and directing that the Charber Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00, plus interest from March 13, 2013;

j.     as to the Tenth Claim for Relief: (a) declaring the Charber Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I); and (b)

pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Charber Transfer and directing that the Charber Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00, plus interest from March 13, 2013;

k.    as to the Eleventh Claim for Relief: (a) declaring the Charber Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Charber Transfer and directing that the Charber Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00, plus interest from March 13, 2013;

l.    as to the Twelfth Claim for Relief: (a) declaring the Charber Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Charber Transfer and directing that the Charber Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $267,000.00, plus interest from March 13, 2013;

m.    as to the Thirteenth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 273 finding that Charber Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Charber Transfer, or in the alternative, awarding Plaintiff damages as against Charber in a sum not less than $267,000.00, plus interest from March 13, 2013;

n.   as to the Fourteenth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 275 finding that Charber Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Charber Transfer, or in the alternative, awarding Plaintiff damages as against Charber in a sum not less than $267,000.00, plus interest from March 13, 2013;

o.   as to the Fifteenth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276 finding that the Charber Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Charber Transfer, or in the alternative, awarding Plaintiff damages as against Charber in a sum not less than $267,000.00, plus interest;

p.   as to the Sixteenth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276-a, awarding Plaintiff his legal fees incurred herein as to the Charber Transfer;

q.   As to the Seventeenth Claim for Relief, and Order as follows:

   i.   disallowing any claims held by Charber and/or its assignee until Charber satisfies the judgment in accordance with 11 U.S.C. § 502 (d); and/or

   ii.   reconsidering and disallowing any claims held by Charber and/or its assignee until Charber satisfies the judgment in accordance with 11 U.S.C. § 502 (j);

66

r.      as to the Eighteenth Claim for Relief: (a) declaring the Schonberger Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Schonberger Transfer and directing that the Schonberger Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Schonberger in a sum of not less than $180,000.00, plus interest from March 13, 2013;

s.      as to the Nineteenth Claim for Relief: (a) declaring the Schonberger Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Schonberger Transfer and directing that the Schonberger Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Charber in a sum of not less than $180,000.00, plus interest from March 13, 2013;

t.      as to the Twentieth Claim for Relief: (a) declaring the Schonberger Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Schonberger Transfer and directing that the Schonberger Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Schonberger in a sum of not less than $180,000.00, plus interest from March 13, 2013;

u.      as to the Twenty-First Claim for Relief: (a) declaring the Schonberger Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Schonberger Transfer and directing that the Schonberger Transfer be set aside, or in the alternative, awarding Plaintiff damages as

against Schonberger in a sum of not less than $180,000.00, plus interest from March 13, 2013;

v.  as to the Twenty-Second Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 273 finding that Schonberger Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Schonberger Transfer, or in the alternative, awarding Plaintiff damages as against Schonberger in a sum not less than $180,000.00, plus interest from March 13, 2013;

w.  as to the Twenty-Third Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 275 finding that Schonberger Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Schonberger Transfer, or in the alternative, awarding Plaintiff damages as against Schonberger in a sum not less than $180,000.00, plus interest from March 13, 2013;

x.  as to the Twenty-Fourth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276 finding that the Schonberger Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Schonberger Transfer, or in the alternative, awarding Plaintiff damages as against Schonberger in a sum not less than $180,000.00, plus interest;

y.      as to the Twenty-Fifth Claim for Relief, Plaintiff is entitled to judgment

pursuant to New York Debtor and Creditor Law § 276-a, awarding Plaintiff

his legal fees incurred herein as to the Schonberger Transfer;

z.      As to the Twenty-Sixth Claim for Relief, and Order as follows:

        i.      disallowing any claims held by Schonberger and/or his assignee

until Schonberger satisfies the judgment in accordance with 11

U.S.C. § 502 (d); and/or

       ii.      reconsidering and disallowing any claims held by Schonberger

and/or its assignee until Schonberger satisfies the judgment in

accordance with 11 U.S.C. § 502 (j);

aa.      as to the Twenty-Seventh Claim for Relief: (a) declaring the MDDC

Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A);

and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the MDDC Transfer

and directing that the MDDC Transfer be set aside, or in the alternative,

awarding Plaintiff damages as against MDDC in a sum of not less than

$142,000.00, plus interest from March 13, 2013;

bb.      as to the Twenty-Eighth Claim for Relief: (a) declaring the MDDC Transfer

was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I);

and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the MDDC Transfer

and directing that the MDDC Transfer be set aside, or in the alternative,

awarding Plaintiff damages as against MDDC in a sum of not less than

$142,000.00, plus interest from March 13, 2013;

cc.    as to the Twenty-Ninth Claim for Relief: (a) declaring the MDDC Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the MDDC Transfer and directing that the MDDC Transfer be set aside, or in the alternative, awarding Plaintiff damages as against MDDC in a sum of not less than $142,000.00, plus interest from March 13, 2013;

dd.    as to the Thirtieth Claim for Relief: (a) declaring the MDDC Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the MDDC Transfer and directing that the MDDC Transfer be set aside, or in the alternative, awarding Plaintiff damages as against MDDC in a sum of not less than $142,000.00, plus interest from March 13, 2013;

ee.    as to the Thirty-First Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 273 finding that MDDC Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the MDDC Transfer, or in the alternative, awarding Plaintiff damages as against MDDC in a sum not less than $142,000.00, plus interest from March 13, 2013;

ff.    as to the Thirty-Second Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 275 finding that MDDC Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the MDDC Transfer, or in the

70

alternative, awarding Plaintiff damages as against MDDC in a sum not less than $142,000.00, plus interest from March 13, 2013;

gg.    as to the Thirty-Third Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276 finding that the MDDC Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the MDDC Transfer, or in the alternative, awarding Plaintiff damages as against MDDC in a sum not less than $142,000.00, plus interest;

hh.    as to the Thirty-Fourth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276-a, awarding Plaintiff his legal fees incurred herein as to the MDDC Transfer;

ii.    As to the Thirty-Fifth Claim for Relief, and Order as follows:

        i.    disallowing any claims held by MDDC and/or its assignee until MDDC satisfies the judgment in accordance with 11 U.S.C. § 502 (d); and/or

        ii.    reconsidering and disallowing any claims held by MDDC and/or its assignee until MDDC satisfies the judgment in accordance with 11 U.S.C. § 502 (j);

jj.    as to the Thirty-Sixth Claim for Relief: (a) declaring the BARM Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the BARM Transfer and directing that the BARM Transfer be set aside, or in the alternative,

awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00, plus interest from March 13, 2013;

kk.     as to the Thirty-Seventh Claim for Relief: (a) declaring the BARM Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the BARM Transfer and directing that the BARM Transfer be set aside, or in the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00, plus interest from March 13, 2013;

ll.     as to the Thirty-Eighth Claim for Relief: (a) declaring the BARM Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the BARM Transfer and directing that the BARM Transfer be set aside, or in the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00, plus interest from March 13, 2013;

mm.     as to the Thirty-Ninth Claim for Relief: (a) declaring the BARM Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the BARM Transfer and directing that the BARM Transfer be set aside, or in the alternative, awarding Plaintiff damages as against BARM in a sum of not less than $100,000.00, plus interest from March 13, 2013;

nn.     as to the Fortieth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 273 finding that BARM Transfer was a fraudulent conveyance and pursuant to New York Debtor and

72

Creditor Law § 278, setting aside the BARM Transfer, or in the alternative, awarding Plaintiff damages as against BARM in a sum not less than $100,000.00, plus interest from March 13, 2013;

oo.    as to the Forty-First Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 275 finding that BARM Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the BARM Transfer, or in the alternative, awarding Plaintiff damages as against BARM in a sum not less than $100,000.00, plus interest from March 13, 2013;

pp.    as to the Forty-Second Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276 finding that the BARM Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the BARM Transfer, or in the alternative, awarding Plaintiff damages as against BARM in a sum not less than $100,000.00, plus interest;

qq.    as to the Forty-Third Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276-a, awarding Plaintiff his legal fees incurred herein as to the BARM Transfer;

rr.    As to the Forty-Forth Claim for Relief, and Order as follows:

        i.    disallowing any claims held by BARM and/or its assignee until BARM satisfies the judgment in accordance with 11 U.S.C. § 502 (d); and/or

ii.   reconsidering and disallowing any claims held by BARM and/or its assignee until BARM satisfies the judgment in accordance with 11 U.S.C. § 502 (j);

ss.   as to the Forty-Fifth Claim for Relief: (a) declaring the Hirschler Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Hirschler Transfer and directing that the Hirschler Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00, plus interest from March 13, 2013;

tt.   as to the Forty-Sixth Claim for Relief: (a) declaring the Hirschler Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Hirschler Transfer and directing that the Hirschler Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00, plus interest from March 13, 2013;

uu.   as to the Forty-Seventh Claim for Relief: (a) declaring the Hirschler Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Hirschler Transfer and directing that the Hirschler Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00, plus interest from March 13, 2013;

vv.   as to the Forty-Eighth Claim for Relief: (a) declaring the Hirschler Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III);

74

and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Hirschler Transfer and directing that the Hirschler Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum of not less than $27,000.00, plus interest from March 13, 2013;

ww.    as to the Forty-Ninth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 273 finding that Hirschler Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Hirschler Transfer, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum not less than $27,000.00, plus interest from March 13, 2013;

xx.    as to the Fiftieth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 275 finding that Hirschler Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Hirschler Transfer, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum not less than $27,000.00, plus interest from March 13, 2013;

yy.    as to the Fifty-First Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276 finding that the Hirschler Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Hirschler Transfer, or in the alternative, awarding Plaintiff damages as against Hirschler in a sum not less than $27,000.00, plus interest;

zz.    as to the Fifty-Second Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276-a, awarding Plaintiff his legal fees incurred herein as to the Hirschler Transfer;

aaa.    As to the Fifty-Third Claim for Relief, and Order as follows:

        i.    disallowing any claims held by Hirschler and/or his assignee until Hirschler satisfies the judgment in accordance with 11 U.S.C. § 502 (d); and/or

        ii.    reconsidering and disallowing any claims held by Hirschler and/or its assignee until Hirschler satisfies the judgment in accordance with 11 U.S.C. § 502 (j);

bbb.    as to the Fifty-Fourth Claim for Relief: (a) declaring the Rosenberg Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Rosenberg Transfer and directing that the Rosenberg Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00, plus interest from March 13, 2013;

ccc.    as to the Fifty-Fifth Claim for Relief: (a) declaring the Rosenberg Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Rosenberg Transfer and directing that the Rosenberg Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00, plus interest from March 13, 2013;

ddd.    as to the Fifty-Sixth Claim for Relief: (a) declaring the Rosenberg Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Rosenberg Transfer and directing that the Rosenberg Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00, plus interest from March 13, 2013;

eee.    as to the Fifty-Seventh Claim for Relief: (a) declaring the Rosenberg Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Rosenberg Transfer and directing that the Rosenberg Transfer be set aside, or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum of not less than $15,100.00, plus interest from March 13, 2013;

fff.    as to the Fifty-Eighth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 273 finding that Rosenberg Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Rosenberg Transfer, or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum not less than $15,100.00, plus interest from March 13, 2013;

ggg.    as to the Fifty-Ninth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 275 finding that Rosenberg Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Rosenberg Transfer, or in

the alternative, awarding Plaintiff damages as against Rosenberg in a sum not less than $15,100.00, plus interest from March 13, 2013;

hhh.    as to the Sixtieth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276 finding that the Rosenberg Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the Rosenberg Transfer, or in the alternative, awarding Plaintiff damages as against Rosenberg in a sum not less than $15,100.00, plus interest;

iii.    as to the Sixty-First for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276-a, awarding Plaintiff his legal fees incurred herein as to the Rosenberg Transfer;

jjj.    As to the Sixty-Second Claim for Relief, and Order as follows:

    i.    disallowing any claims held by Rosenberg and/or his assignee until Rosenberg satisfies the judgment in accordance with 11 U.S.C. § 502 (d); and/or

    ii.    reconsidering and disallowing any claims held by Rosenberg and/or its assignee until Rosenberg satisfies the judgment in accordance with 11 U.S.C. § 502 (j);

kkk.    as to the Sixty-Third Claim for Relief: (a) declaring the G&R Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the G&R Transfer and directing that the G&R Transfer be set aside, or in the alternative, awarding

Plaintiff damages as against G&R in a sum of not less than $18,900.00, plus interest from March 13, 2013;

lll.    as to the Sixty-Fourth Claim for Relief: (a) declaring the G&R Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the G&R Transfer and directing that the G&R Transfer be set aside, or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00, plus interest from March 13, 2013;

mmm.    as to the Sixth-Fifth Claim for Relief: (a) declaring the G&R Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the G&R Transfer and directing that the G&R Transfer be set aside, or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00, plus interest from March 13, 2013;

nnn.    as to the Sixty-Sixth Claim for Relief: (a) declaring the G&R Transfer was a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the G&R Transfer and directing that the G&R Transfer be set aside, or in the alternative, awarding Plaintiff damages as against G&R in a sum of not less than $18,900.00, plus interest from March 13, 2013;

ooo.    as to the Sixty-Seventh Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 273 finding that G&R Transfer was a fraudulent conveyance and pursuant to New York Debtor

79

and Creditor Law § 278, setting aside the G&R Transfer, or in the alternative, awarding Plaintiff damages as against G&R in a sum not less than $18,900.00, plus interest from March 13, 2013;

ppp.    as to the Sixty-Eighth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 275 finding that G&R Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the G&R Transfer, or in the alternative, awarding Plaintiff damages as against G&R in a sum not less than $18,900.00, plus interest from March 13, 2013;

qqq.    as to the Sixty-Ninth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276 finding that the G&R Transfer was a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, setting aside the G&R Transfer, or in the alternative, awarding Plaintiff damages as against G&R in a sum not less than $18,900.00, plus interest;

rrr.    as to the Seventieth Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 276-a, awarding Plaintiff his legal fees incurred herein as to the G&R Transfer;

sss.    As to the Seventy-First Claim for Relief, and Order as follows:

    i.    disallowing any claims held by G&R and/or its assignee until G&R satisfies the judgment in accordance with 11 U.S.C. § 502 (d); and/or

      ii.    reconsidering and disallowing any claims held by G&R and/or

          its assignee until G&R satisfies the judgment in accordance with

          11 U.S.C. § 502 (j);

ttt.    plus costs and disbursements of this action; and

uuu.    for such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       August 18, 2015

                  Weinberg, Gross & Pergament LLP
                  Attorneys for Marc A. Pergament, Interim
                  Chapter 7 Trustee of the Estate of Gershon
                  Barkany

By:     _____
                  Marc A. Pergament
                  400 Garden City Plaza, Suite 403
                  Garden City, New York  11530
                  (516) 877-2424