**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>Gershon Barkany,<br><br>      Debtor. | Chapter 7<br><br>Case No. 8-14-72941-LAS |
| Marc A. Pergament, Interim Chapter 7 Trustee of the Estate of Gershon Barkany,<br><br>              Plaintiff,<br><br>      -against-<br><br>Alan Gerson; Bruce Montague & Partners; Charber Realty; Alfred Schonberger; Marina District Development Co. LLC; Barkany Asset Recovery & Management LLC; Daniel Hirschler; Joseph Rosenberg; and Goldberg & Rimberg PLLC,<br><br>              Defendants. | Adv. Proc. No. 8-15-08244<br><br>**Defendant Alfred Schonberger's<br>Answer and Affirmative Defenses** |

       Defendant Alfred Schonberger ("Schonberger" or "Defendant"), by and through his undersigned counsel, responds upon information and belief, to the Complaint dated August 18, 2015 (the "Complaint") as follows:

       1.      Schonberger admits the allegations in paragraph 10 of the Complaint.

       2.      As to the allegations in paragraph 46 of the Complaint, Schonberger: (i) admits that he received a check in the sum of $180,000 dated March 14, 2013; and (ii) has insufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Complaint and, on that basis, denies the allegations.

1

3.      As to the allegations in paragraphs 47 – 48, 156, 161-162, 166-167, 171-172, 176-178, 182-183, 188, 191, 195, and 197 of the Complaint, Schonberger has insufficient knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

4.      The remaining paragraphs of the Complaint contain legal conclusions, statements relating to parties other than Schonberger or statements for which no response is required.  To the extent a response is required, Schonberger denies the allegations.

## AFFIRMATIVE DEFENSES

Schonberger alleges the following affirmative defenses.

1.      The claims in the Complaint are barred, in whole or part, because they fail to state a claim against Schonberger and fail to state facts sufficient to constitute a cause of action against Schonberger.

2.      The claims in the Complaint are barred in, whole or part, by the doctrine of setoff and/or recoupment.

3.      The claims in the Complaint are barred, in whole or part, because Schonberger provided reasonably equivalent value in exchange for the alleged transfers in the Complaint.

4.      The claims in the Complaint are barred, in whole or part, because neither Plaintiff nor any relevant party sustained any loss, damage, harm or detriment in any amount.

5.      The claims and remedies sought in the Complaint are barred, in whole or part, to the extent Plaintiff seeks overlapping and duplicative recovery based on various claims against Schonberger.

6.      The claims in the Complaint are barred, in whole or part, by the doctrine of waiver.

7. The claims in the Complaint are barred, in whole or part, by the doctrine of estoppel.

8. The claims in the Complaint are barred, in whole or part, by the doctrine of laches.

9. The claims in the Complaint are barred, in whole or part, because the bankruptcy estate is obligated to indemnify Schonberger for any damages awarded to Plaintiff.

10. The claims in the Complaint are barred, in whole or part, by the applicable statute of limitations.

11. The claims in the Complaint are barred, in whole or part, by operation of the doctrine of unclean hands.

12. The claims in the Complaint are barred, in whole or part, because of the contributing and/or comparative negligence and fault of Plaintiff.

13. The claims in the Complaint are barred, in whole or part, by the doctrine of in pari delicto.

Dated: September 17, 2015

Respectfully submitted,

_____/s Motty Shulman_____
Motty Shulman
**Boies, Schiller & Flexner LLP**
333 Main Street
Armonk, NY 10504
mshulman@bsfllp.com
T: 914-749-8200
F: 914-749-8300
*Counsel for Alfred Schonberger*