UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

In Re:                                                        :        Chapter 7

Gershon Barkany                                               :        Case No. 814-72941-845

          Debtor                                              :

-------------------------------------------------------------- x

Marc A. Pergament, Interim Chapter 7 Trustee                  :        Adv. Proc. No.
of the Estate of Gershon Barkany,                                      815-08244-845
                                                              :
          Plaintiff,
                                                              :
     -against-
                                                              :
Alan Gerson, Bruce Montague & Partners,
Charber Realty, Alfred Schonberger, Marina                    :
District Development Co. LLC, Barkany Asset
Recovery & Management LLC, Daniel Hirschler,                  :
Joseph Rosenberg and Goldberg & Rimberg,
PLLC,                                                         :

          Defendants.                                         :

-------------------------------------------------------------- x

**MEMORANDUM OF LAW OF DEFENDANT BRUCE MONTAGUE &
PARTNERS IN OPPOSITION TO THE MOTIONS TO DISMISS ITS CROSS-CLAIMS**

Defendant, Bruce Montague & Partners ("BM&P') submits this memorandum of law in opposition to the motions of Defendants Marina District Development Co. LLC ("MDDC"), Barkany Asset Recovery & Management LLC m("BARM") and Goldberg & Rimberg, PLLC ("G&R") to dismiss the Cross-Claims of BM&P alleged against each of them respectively.

In this Adversary Proceeding, the Interim Trustee seeks to recover funds in which the Debtor, Gershon Barkany, allegedly had an interest in $750,000, which allegedly was delivered to Defendant Alan Gerson ("Gerson") and/or BM&P to be held in an escrow account by them

and to be transferred as instructed by the Debtor. The Interim Trustee has alleged two claims of tortious conduct against BM&P in the Fifth Claim for Relief (Conversion), and in the Eighth Claim for Relief (Breach of Fiduciary Duty), to recover said property of the Debtor.

Additionally the Interim Trustee has alleged that the funds were transferred out of the escrow account to Defendants MDDC, BARM and G&R. It is alleged against MDDC, BARM and G&R that they engaged in fraudulent conduct in accepting the funds from the escrow account.

With respect to MDDC it is alleged that Gerson and BM&P fraudulently transferred $142,000 to MDDC (the "MDDC Transfer") at a time when the Debtor was insolvent and diminished the assets of the Debtor's Estate (Complaint, ¶¶ 49-51). With respect to BARM it is alleged that Gerson and BM&P fraudulently transferred $100,000 to BARM (the "BARM Transfer") at a time when the Debtor was insolvent and diminished the assets of the Debtor's Estate (Complaint, ¶¶ 52-54). With respect to G&R it is alleged that Gerson and BM&P fraudulently transferred $142,000 to G&R (the "G&R Transfer") at a time when the Debtor was insolvent and diminished the assets of the Debtor's Estate (Complaint, ¶¶ 61-63).

In the twenty-seventh claim for relief pursuant to 11 U.S.C. § 548(a)(1)(A), it is alleged that the MDDC Transfer was made with intent to defraud entities to which the Debtor was or became indebted to on or after the date of the MDDC Transfer (Complaint, ¶ 202). In the twenty–third claim for relief pursuant to New York Debtor and Creditor Law § 276, it is alleged that the MDDC Transfer was made with intent to defraud present and future creditors of the Debtor (Complaint, ¶ 233).

In the thirty-sixth claim for relief pursuant to 11 U.S.C. § 548(a)(1)(A), it is alleged that the BARM Transfer was made with intent to defraud entities to which the Debtor was or became indebted to on or after the date of the BARM Transfer (Complaint, ¶ 247). In the forty-second claim for relief pursuant to New York Debtor and Creditor Law § 276, it is alleged that the BARM Transfer was made with intent to defraud present and future creditors of the Debtor (Complaint, ¶ 278).

In the sixty-third claim for relief pursuant to 11 U.S.C. § 548(a)(1)(A), it is alleged that the G&R Transfer was made with intent to defraud entities to which the Debtor was or became indebted to on or after the date of the G&R Transfer (Complaint, ¶ 382). In the sixty-ninth claim for relief pursuant to New York Debtor and Creditor Law § 276, it is alleged that the G&R Transfer was made with intent to defraud present and future creditors of the Debtor (Complaint, ¶ 413). In its Answer, BM&P has alleged two claims for contribution against MDDC, BARM and G&P, as follows:

### FIRST CROSS-CLAIM
### AGAINST ALL DEFENDANTS

438. To the extent, if any, that BM&P is found to be liable to Plaintiff for any of the loss or damage alleged in the complaint, then BM&P is entitled to contribution from the other defendants in the proportion that the culpable conduct attributed to the other defendants bears to the entire measure of responsibility for the occurrence.

### SECOND CROSS-CLAIM
### AGAINST THE TRANSFEREE DEFENDANTS

439. Upon information and belief, the proceeds received from the Debtor and deposited into the Gerson IOLA Account were transferred therefrom in good faith upon the directions of the Debtor to the other defendants named in this proceeding as alleged in the complaint (the "Transferee Defendants").

440.    To the extent, if any, that BM&P is found to be liable to Plaintiff for any of the loss or damage alleged in the complaint, the respective Transferee Defendants, who ultimately received the funds are liable to reimburse BM&P.

As set forth below, given the fact that the Interim Trustee is seeking to recover a judgment for recovery of the same property from Defendants BM&P, MDDC, BARM and G&R, BM&P under New York Law, as set forth in § 1401 of the Civil Practice Law and Rules, is entitled to claim contribution against the ultimate transferees of the property.

### Legal Argument

### BM&P IS ENTITLED TO SEEK CONTRIBUTION AGAINST THE OTHER ULTIMATE TRANSFEREES OF FUNDS FROM THE ESCROW ACCOUNT BASED UPON THE TORTIOUS CONDUCT ALLEGED AGAINST THEM BY THE INTERIM TRUSTEE

Pursuant to the New York Civil Practice Law and Rules § 1401, "two or more persons who are subject to liability for damages for the same . . . injury to property . . ., may claim contribution against them whether or not an action has been brought or a judgement has been rendered against the person from whom contribution is sought."

As stated in 23 N.Y. Jur. 2d Contribution, Etc. § 29:

> Pursuant to CPLR Article 14, the right of contribution arises among several tortfeasors who share culpability for an injury to the plaintiff and whose liability may be equitably apportioned according to fault. Subject to certain exceptions found in the General Obligations Law[5] and the Workers' Compensation Law, or the Workers' Compensation Law of any other state or the federal government, two or more persons who are subject to liability for damages for the same personal injury, injury to property, or wrongful death may claim contribution among them, whether or not an action has been brought or a judgment has been rendered against the persons from whom contribution is sought. In essence, then, all that is required to claim contribution is that two or more people be potentially liable for the same personal injury, property damage, or wrongful death....
> (footnotes omitted).

- 4 -

Further, as stated in 23 N.Y. Jur. 2d Contribution, Etc. § 30:

> The fact that each of several tortfeasor defendants has duties that are separate and distinct, and therefore may give rise to liability to the plaintiff under different theories, does not serve to defeat a claim for contribution among them. In other words, contribution is available regardless of whether the defendant tortfeasor and the tortfeasor from whom contribution is sought are liable for the plaintiff's injury under the same or different theories as it is the fact of liability to the same person for the same harm, rather than the legal theory on which liability is based, that is controlling. Therefore, the fact that a plaintiff or plaintiffs may recover from the principal defendant on a theory of strict liability, fraud, breach of warranty, or a combination of negligence and breach of warranty does not preclude the reascertainment among the defendants of their relative degrees of culpability under the same or other theories.

In Raquet v. Braun, 90 N.Y.2d 177, 183, 681 N.E.2d 404, 407 (1997), the New York Court of Appeals opined that

> The "critical requirement" for apportionment by contribution under CPLR article 14 is that "the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought" (*Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp., supra,* at 603, 528 N.Y.S.2d 516, 523 N.E.2d 803). Thus, contribution is available "whether or not the culpable parties are allegedly liable for the injury under the same or different theories" (*id.,* at 603, 528 N.Y.S.2d 516, 523 N.E.2d 803; *see, Board of Educ. v. Sargent, Webster, Crenshaw & Folley,* 71 N.Y.2d 21, 28, 523 N.Y.S.2d 475, 517 N.E.2d 1360), and the remedy may be invoked against concurrent, successive, independent, alternative and even intentional tortfeasors (*see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra,* at 27, 523 N.Y.S.2d 475, 517 N.E.2d 1360; *Schauer v. Joyce,* 54 N.Y.2d 1, 5, 444 N.Y.S.2d 564, 429 N.E.2d 83; Siegel, N.Y. Prac § 172, at 261 [2d ed] ).

As explained in Bd. of Educ. of Hudson City Sch. Dist. v. Sargent, Webster, Crenshaw & Folley, 71 N.Y.2d 21, 28, 517 N.E.2d 1360, 1364 (1987):

> While "[i]t is the fact of liability to the same person for the same harm rather than the legal theory upon which *tort liability* is based which controls" (12th Ann.Report of N.Y.Jud.Conf. on CPLR, *op. cit.,* at 1807 [emphasis added]; *see, Guzman v. Haven Plaza Hous. Dev. Fund Co.,* 69 N.Y.2d 559, 568, 516 N.Y.S.2d 451, 509 N.E.2d 51, *supra* ), it is nonetheless true that the existence of some form of tort liability is a prerequisite to application of the statute. . . .

In this Adversary Proceeding, the Interim Trustee seeks to recover against BM&P based upon alleged tortious conduct for claims sounding in conversion and breach of fiduciary duty in connection with funds deposited into an escrow account, which funds were then transferred to the other named transferee defendants including MDDC, BARM and G&R for their allegedly fraudulent conduct committed in fraudulently conveying property in which the Debtor or his creditors allegedly held an interest.

As alleged in the Complaint, no funds were retained by BM&P but instead the $750,000 in escrowed funds was entirely transferred to other defendants, including MDDC, BARM and G&R, who were the ultimate transferees and/or beneficiaries of such funds. No fraudulent conduct is alleged against BM&P; however, actual fraudulent intent to deprive the Debtor's creditors of funds is alleged against MDDC, BARM and G&R.

It is respectfully submitted under such allegations by the Interim Trustee, claims of contribution by BM&P against the other alleged tortfeasors are well justified under Article 14 of the Civil Practice Law and Rules and at this stage of the proceedings, those claims to apportion liability and damages should not be dismissed.

It is clear that the Interim Trustee has alleged that MDDC, BARM and G&R engaged in fraudulent conduct. Pursuant to 11 U.S.C. § 548(a)(1)(A), the Interim Trustee has alleged that the MDDC, BARM and G&R Transfers were made with intent to defraud entities to which the Debtor was or became indebted to on or after the date of the G&R Transfer (Complaint, ¶¶ 202, 247 and 382), and pursuant to New York Debtor and Creditor Law § 276, that MDDC, BARM and G&R Transfers were made with intent to defraud present and future creditors of the Debtor (Complaint, ¶¶ 233, 278 and 413).

It should be noted that § 276 of the New York Debtor and Creditor Law provides, as follows:

> Every conveyance made and every obligation incurred with *actual intent,* as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

To prevail on a DCL § 276 claim, a plaintiff must prove that a defendant acted with actual intent to hinder, delay, or defraud creditors and must prove actual fraud by "clear and convincing evidence." Lippe v. Bairnco Corp., 249 F. Supp. 2d 357, 374 (S.D.N.Y. 2003), aff'd, 99 F. App'x. 274 (2d Cir. 2004).

Furthermore, in order to prevail on a claim under New York law to set transfer aside as having been made with actual intent to hinder, delay or defraud creditors under N.Y. Debtor and Creditor Law § 276, a plaintiff must establish: (1) that the thing transferred has value, out of which a creditor could have realized a portion of its claim; (2) that this thing was transferred or disposed of by a debtor; and (3) that transfer was done with actual intent to defraud. In re Kovler, 249 B.R. 238 (Bkrtcy. S.D.N.Y. 2000).

To declare a conveyance fraudulent, actual intent to defraud is necessary. Spear v. Spear, 101 Misc.2d 341, 421 N.Y.S.2d 277 (N.Y.Cty.1974). Mutual fraudulent intention on the part of both parties to the transaction is required in order to invoke the protection of the law prohibiting fraudulent conveyances; fraudulent intent on the part of one of the parties is insufficient. "The transferee must have participated or acquiesced in the transferor's fraudulent act." Anderson v. Blood, 152 N.Y. 285, 46 N.E. 493, *reh'g denied,* 153 N.Y. 649, 47 N.E. 1105 (N.Y. 1897); Key Bank of New York v. Diamond, 203 A.D.2d 896, 897, 611 N.Y.S.2d 382, 384 (4th Dep't 1994). Actual intent to hinder, delay or defraud creditors must be proved. Carey v. Crescenzi, 923 F.2d

18, 21 (2d Cir.1991) (recovery or attorneys' fees under Section 276-a requires "explicit finding of actual intent to defraud" by both the transferor and the transferee), citing Marine Midland Bank v. Murkoff, 120 A.D.2d 122, 508 N.Y.S.2d 17, 20-21 (2d Dep't 1986).

The actual intent must be based on fact and cannot rest on mere suspicion. First National Bank v. Frank, 1 A.D.2d 539, 151 N.Y.S.2d 596 (4th Dep't 1956), *aff'd* 3 N.Y.2d 849, 166 N.Y.S.2d 84, 144 N.E.2d 727 (N.Y.1957). The burden of proof to establish actual fraud rests upon the plaintiffs. Marine Midland Bank v. Murkoff, *supra*; Key Bank of New York v. Diamond, *supra*. Under New York law, the standard of proof for establishing actual fraud is by *clear and convincing evidence (emphasis added)*. Marine Midland Bank v. Murkoff, supra; In re Montclair Homes, 200 B.R. at 96; First National Bank v. Frank, *supra*." See also Lippe v. Bairnco Corp., 249 F. Supp. 2d 357, 374 (S.D.N.Y. 2003), aff'd, 99 F. App'x. 274 (2d Cir. 2004).

The allegations alleged by the Interim Plaintiff against MDDC, BARM and G&R are tantamount to a claim of actual fraud and, thus, are tortious in nature. While the claims of fraud alleged against those Transferees involve intentional wrongdoing, the tort claims alleged against BM&P involve only alleged negligence and breach of fiduciary duty. Equity requires that in the remote event that the Interim may recover against BM&P under either negligence or fraud, BM&P should be entitled to claim over against MDDC, BARM and G&R who allegedly ultimately received the contested funds by virtue of their alleged intentionally fraudulent conduct.

- 9 -

**WHEREFORE,** Defendant, Bruce Montague & Partners, respectfully requests that the Court deny the motions of Defendants, Marina District Development Co. LLC, Barkany Asset Recovery & Management LLC and Goldberg & Rimberg, PLLC, to dismiss its Cross-Claims, and grant such other relief as justice requires.

Dated: Garden City, New York
       November 10, 2015

                        Respectfully submitted,

                        L'ABBATE, BALKAN, COLAVITA
                                                                                                                                                                                                                                                                                                                                           &CONTINI, L.L.P.

                        By: _____
                             Noah Nunberg, Esq.
                        Attorneys for Defendant
                        Bruce Montague & Partners
                        1001 Franklin Avenue
                        Garden City, NY 11530
                        (516) 294-8844