UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| Gershon Barkany, | Case No. 814-72941-845 |
| Debtor. | |

------------------------------------------------------------X

| | |
|---|---|
| Marc A. Pergament, Interim Chapter 7 Trustee of the Estate of Gershon Barkany, | Adv. Proc. No. 815-08244-845 |
| Plaintiff, | |
| - against - | |
| Alan Gerson, Bruce Montague & Partners, Charber Realty, Alfred Schonberger, Marina District Development Co. LLC, Barkany Asset Recovery & Management LLC, Daniel Hirschler, Joseph Rosenberg and Goldberg & Rimberg, PLLC, | |
| Defendants. | |

------------------------------------------------------------X

RESPONSE OF MARC A. PERGAMENT, INTERIM CHAPTER 7 TRUSTEE,
TO THE MOTION OF DEFENDANTS BRUCE MONTAGUE & PARTNERS, ALFRED
SCHONBERGER AND JOSEPH ROSENBERG FOR AN ORDER DIRECTING
THE JOINDER OF LUDVIK AND EVA HILMAN FAMILY PARTNERSHIP, L.P. AS A
PARTY TO THIS ADVERSARY PROCEEDING

TO:   THE HONORABLE LOUIS A. SCARCELLA,
       UNITED STATES BANKRUPTCY JUDGE

      Marc A. Pergament, Interim Chapter 7 Trustee ("Trustee") of the Estate of Gershon Barkany by his attorneys, Weinberg, Gross & Pergament LLP, hereby presents his Response to the motion of Defendants Bruce Montague & Partners ("BMP"), Alfred Schonberger ("Schonberger") and Joseph Rosenberg ("Rosenberg")(collectively, BMP, Schonberger and

Rosenberg may be referred to as the "Moving Parties") for an Order directing the joinder of Ludvik and Eva Hilman Family Partnership, L.P. as a party to this adversary proceeding ("Motion")[1] as follows:

1. This action seeks to avoid and recover, under Sections 548 of the Bankruptcy Code and 270 *et seq.* of the New York Debtor and Creditor Law, certain prepetition transfers made to each of the above-named Defendants through a series of Ponzi scheme transfers perpetrated by or on behalf of the Debtor.

2. One such transfer occurred in or about early 2013, when the Debtor's attorney, Defendant Alan Gerson ("Gerson"), of BMP, introduced the Debtor to the Ludvik and Eva Hilman Family Partnership, L.P. ("Hilman Partnership"). (Complaint, ¶¶ 24, 25.)

3. It is the Trustee's understanding that Gerson presented the Hilman Partnership with an investment opportunity with respect to the purchase of a parcel of real property located on West 28th Street in New York City ("Investment Property"). (Complaint, ¶¶ 28-29.)

4. The Hilman Partnership, allegedly unaware of the Debtor's scheme, transferred the sum of $750,000.00 to the Debtor in connection with the purchase of the Investment Property by delivering the proceeds to Gerson and BMP as the Debtor's attorneys. (Complaint, ¶¶ 26-29.)

5. On or about June 26, 2013, shortly after the Hillman Partnership transferred its funds to the Debtor, the Debtor pled guilty before the United State District Court for the Eastern District of New York. (Complaint, ¶ 16.)

6. After learning that the Investment Property never existed, but was rather part of the Debtor's various Ponzi schemes, the Hilman Partnership commenced a lawsuit against

---

[1] References to the "Motion" are to the Moving Parties Motion dated September 22, 2015.

the Debtor, Gerson and BMP in the Supreme Court of the State of New York, Kings County ("State Court"), Index No. 502113/2013 ("Hillman Lawsuit"). (Complaint, ¶¶ 28-29.)

7. On June 25, 2014 ("Petition Date"), an involuntary bankruptcy petition was filed against the Debtor and on January 14, 2015, this Court entered the Order for Relief. (Complaint, ¶¶ 17, 20.)

8. Initially, the Debtor opposed the involuntary petition.

9. Thereafter, the Debtor consented to the entry of the Order of Relief.

10. On January 14, 2015, this Court entered the Order for Relief.

11. Thereafter, the Plaintiff was appointed to serve as the Interim Trustee.

12. On August 18, 2015, the Interim Trustee filed the Complaint in this Adversary Proceeding.

13. The Interim Trustee understands that the Moving Parties believe that the Hillman Partnership should be a party to this adversary proceeding.

14. The reason that the Interim Trustee did not believe it to be necessary to name the Hillman Partnership as a party is because the Hillman Lawsuit has been stayed by the State Court. (Annexed hereto as Exhibit "1" is a printout from the State Court Electronic Filing System showing "Case Status Stayed.")

15. It appears that the State Court stayed the Hillman Lawsuit at the request of Defendants BMP and Gerson. (Annexed hereto as Exhibit "2" is a copy of a letter dated May 22, 2015 to the State Court.)

16. Based on the stay of the Hillman Lawsuit, the Interim Trustee did not believe that it was necessary to name the Hillman Partnership as a defendant in the above-captioned adversary proceeding since the lawsuit was stayed and the claim is being pursued by the

Interim Trustee.

17. The Moving Parties have sought relief because they are concerned that in the absence of the Hillman Partnership as a defendant to this adversary proceeding, they could be facing "double or inconsistent judgments . . . ." (Motion, ¶ 6.)

18. As stated in *Crutchfield v. Magnolia Mortgage Co., LLC* (In re Crutchfield), 2004 Bankr. LEXIS 1139, 4-5 (Bankr.S.D.Ala. Jan. 28, 2004), Rule 7019 of the Federal Rule of Bankruptcy Procedure:

> governs whether a person must be joined as a party to an adversary proceeding. It generally applies the same criteria for joinder as Fed. R. Civ. P. 19; however, there are some important differences between the two rules. Under Rule 19, a federal district court must conduct a two part analysis. The first part of the analysis is a determination of whether it is "feasible" to join a person under Rule 19(a). Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3rd Cir. 1993). If it is feasible, the inquiry ends because the person's joinder is compulsory; if it is not feasible (because doing so would destroy diversity jurisdiction) the district court must make a second determination of whether the entire case should be dismissed because the person is "indispensable" to the disposition of the case under Rule 19(b). Id.
>
> Under Fed. R. Bankr. P. 7019, a federal bankruptcy court must conduct only the first part (is it feasible) of the Rule 19 analysis. If joinder is feasible, it is compulsory. The second part (is the person indispensable) of the Rule 19 analysis is unnecessary because "joinder of an absent person will never destroy the [bankruptcy] court's subject matter jurisdiction over the original action because jurisdiction over that action is not based on diversity." Lawrence Ponoroff & Stephen E. Snyder, Commercial Bankruptcy Litigation § 3:8 (2004). Instead, a proper objection to the bankruptcy court's subject matter jurisdiction by the joined person merely results in his dismissal from the adversary proceeding. Id. The entire adversary proceeding is never dismissed. Id.

19. Although the Interim Trustee does not take a position regarding the relief sought by the Moving Parties because it will not impact the creditors of the Estate, the Interim Trustee understands the concerns of the Moving Parties. Thus, if after applying the standards to

consider whether a party is necessary to a lawsuit, this Court is inclined to grant relief to the Moving Parties, the Interim Trustee seeks sufficient time to file an amended complaint naming the Hillman Partnership as a necessary party defendant.

20. The Interim Trustee notes that counsel for Defendant Goldberg & Rimberg, PLLC ("G&R"), the same counsel that filed a proof of claim on behalf of the Hillman Partnership, has filed a letter "request[ing] that the Motion be held in abeyance pending a determination of G&R's contemplated motion to dismiss. Alternatively, the Motion should be adjourned until some date after November 17, 2015 so that resources are not wasted on what should be a moot issue." (Adv. Pro. ECF Doc. 22.)

21. Since the filing of G&R's letter, the Motion was adjourned to November 17, 2015.

22. Once again, although the Interim Trustee does not take a position regarding the Motion, it does not make sense to delay determination of the Motion pending a determination of G&R's contemplated motion to dismiss. In the unlikely event that G&R prevails on its motion to dismiss, there will be other defendants remaining in the adversary proceeding that may require the Hillman Partnership as a defendant.

Dated: Garden City, New York
       November 10, 2015

                                        Weinberg, Gross & Pergament LLP
                                        Attorneys for Marc A. Pergament, Interim Chapter 7
                                        Trustee of the Estate of Gershon Barkany

By: _____
        Marc A. Pergament
        400 Garden City Plaza, Suite 403
        Garden City, New York 11530
        (516) 877-2424