UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                                              Chapter 7

Gershon Barkany,                                         Case No. 814-72941-845

        Debtor.

------------------------------------------------------------X

Marc A. Pergament, Interim Chapter 7 Trustee             Adv. Proc. No. 815-08244-845
of the Estate of Gershon Barkany,

        Plaintiff,

   - against -

Alan Gerson, Bruce Montague & Partners,
Charber Realty, Alfred Schonberger, Marina
District Development Co. LLC, Barkany Asset
Recovery & Management LLC, Daniel Hirschler,
Joseph Rosenberg and Goldberg & Rimberg,
PLLC,

        Defendants.

------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## MARINA DISTRICT DEVELOPMENT CO.'S MOTION TO DISMISS
## THE COMPLAINT PURSUANT TO RULE 12(b)(6)

### PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Marc A. Pergament ("Plaintiff"

or "Trustee"), Chapter 7 Interim Trustee of the Estate of Gershon Barkany ("Debtor" or

"Barkany"), in opposition to the motion of Defendant Marina District Development Co.

("MDDC") to dismiss the Complaint as to MDDC under Rule 12(b)(6) of the Federal Rules of

Civil Procedure ("Motion").

This action seeks to avoid and a recover prepetition transfer made to MDDC in the

course of a series of Ponzi scheme transfers perpetrated by the Debtor or on his behalf. As detailed

further herein, since the Complaint sufficiently pleads fraudulent conveyance claims for relief under both section 548 of the Bankruptcy Code ("Code") and section 270 *et seq.* of the New York Debtor and Creditor Law ("DCL"), the Motion should be denied.

## STATEMENT OF FACTS

The Complaint's factual allegations stem from the Debtor's orchestration and operation of a series of Ponzi schemes. (Complaint, ¶¶ 16, 33-34.) In order to further his schemes, the Debtor employed a variety of means to defraud his victims, including the solicitation of funds for sham real estate transactions. (Complaint, ¶¶ 25-31.)

One such transaction occurred in or about early 2013, when the Debtor's attorney, Defendant Alan Gerson ("Gerson"), of Defendant Bruce Montague & Partners ("BMP"), introduced the Debtor to the Ludvik and Eva Hilman Family Partnership, L.P. ("Hilman Partnership"). (Complaint, ¶¶ 24-25.)

At the Debtor's behest, Gerson presented the Hilman Partnership with an investment opportunity with respect to the purchase of a parcel of real property located on West 28th Street in New York City ("Investment Property"). (Complaint, ¶¶ 28-29.) The Hilman Partnership, allegedly unaware of the Debtor's scheme, transferred the sum of $750,000.00 to the Debtor in connection with the purchase of the Investment Property by delivering the proceeds to Gerson and BMP (Complaint, ¶¶ 26-29.)

Almost immediately after the Hilman Partnership transferred the $750,000.00 into an escrow account maintained by BMP, Gerson and BMP fraudulently transferred the sum of $142,000.00 to MDDC ("MDDC Transfer"). (Complaint, ¶¶ 49-51.)

Shortly after the MDDC Transfer, the Debtor's Ponzi scheme collapsed with his arrest and subsequent guilty plea before the United States District Court for the Eastern District of New York on or about June 26, 2013. (Complaint, ¶ 16.)

After learning that the investment opportunity with respect to the Investment Property never existed, but was rather part of the Debtor's various Ponzi schemes, the Hilman Partnership commenced a lawsuit against, the Debtor, Gerson and BMP in the Supreme Court of the State of New York, Kings County, Index No. 502113/2013. (Complaint, ¶¶ 28-29; *see also* Pergament Dec., Ex. A.)[1]

On June 25, 2014 ("Petition Date"), an involuntary bankruptcy petition was filed against the Debtor and on January 14, 2015, this Court entered the Order for Relief. (Complaint, ¶¶ 17, 20.)

The Trustee commenced this adversary proceeding seeking, *inter alia, to* avoid the transfer of Ponzi scheme proceeds to the Defendants, including MDDC's receipt of the MDDC Transfer. The Complaint asserts numerous Claims for Relief against Defendant MDDC, including:

| Count No. | Allegation |
|---|---|
| Twenty Seventh | Actual Fraudulent Conveyance - 11 U.S.C. § 548(a)(1)(A) |
| Thirty Third | Actual Fraudulent Conveyance - DCL § 276 |
| Twenty Eighth | Constructive Fraudulent Conveyance - 11 U.S.C. § 548(a)(1)(B)(ii)(I) |
| Twenty Eighth | Constructive Fraudulent Conveyance - 11 U.S.C. § 548(a)(1)(B)(ii)(II) |
| Thirtieth | Constructive Fraudulent Conveyance - 11 U.S.C. § 548(a)(1)(B)(iii)(III) |
| Thirty First | Constructive Fraudulent Conveyance - DCL § 273 |
| Thirty Second | Constructive Fraudulent Conveyance - DCL § 275 |
| Thirty Fifth | Disallowance of Proof of Claim - 11 U.S.C. § 502(d) |

---

[1] References to the "Pergament Dec." are to the Declaration of Marc A. Pergament, Esq. dated November 10, 2015 and submitted in opposition to the Motion.

# ARGUMENT

## POINT I

### STANDARD OF REVIEW

"A motion to dismiss for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6) ('Rule 12(b)(6)'), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012, requires a determination as to whether the complaint properly states a claim under Fed. R. Civ. P. 8 ('Rule 8'). Under Rule 8, a complaint must contain a 'short and plain statement of the claim showing the pleader is entitled to relief.'" *Silverman v. Meister Seelig & Fein, LLP (In re Agape World, Inc.)*, 467 B.R. 556, 568 (Bankr.E.D.N.Y. 2012)(Grossman, U.S.B.J.)

"Following the Supreme Court's decision in *Iqbal*, courts use a two-prong approach when considering a motion to dismiss. First, the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in the factual garb. Second, the court must determine if these well-pleaded factual allegations state a 'plausible claim for relief.'" *Gowan v. Patriot Grp., LLC (In re Dreier LLP)*, 452 B.R. 391, 407 (Bankr.S.D.N.Y. 2011).

"Determining whether a complaint states a plausible claim is 'context specific, requiring the court to draw on its experience and common sense. However, the 'pleadings must create the possibility of a right to relief that is more than speculative.' A complaint has facial plausibility when 'the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Silverman,* 467 B.R. at 568.

"[I]n addition to the factual allegations contained in the complaint, the court may also consider the contents of any 'documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in the plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing

suit." *Silverman v. H.I.L. Assocs. (In re Allou Distribs., Inc.)*, 387 B.R. 365, 384 (Bankr. E.D.N.Y. 2008)(Stong, U.S.B.J.)

The purpose of a motion to dismiss is to assess the legal sufficiency of a complaint, not to judge the weight of evidence, which might be offered in its support. *See Geisler v. Petrocelli,* 616 F.2d. 636, 639 (2d Cir. 1980). Therefore, to survive a motion to dismiss, a plaintiff need only to allege sufficient facts, not prove them. *See Koppel v. 4987 Corp.,* 167 F.3d 125, 133 (2d Cir. 1999). "A motion to dismiss can only be granted if it appears beyond doubt that the nonmoving party can prove no set of facts in support of its claim which would entitle it to relief." *Securities Investor Protection Corp. v. BDO Seidman, LLP,* 49 F.Supp.2d 644, 648 (S.D.N.Y. 1999). Since a motion to dismiss occurs at an early stage in the litigation and forecloses factual discovery, it should be carefully scrutinized. *Perniciaro v. Natale,* 136 B.R. 344, 348 (Bankr.E.D.N.Y. 1992)(Feller, U.S.B.J.)

"Fed. R. Civ. P. 9(b), which is applicable in this case pursuant to Bankruptcy Rule 7009, governs claims for intentional fraudulent transfers . . . However, where a bankruptcy trustee is the party asserting the actual fraudulent transfer claim, the Second Circuit has adopted 'a more liberal view . . . since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge.'" *Silverman,* 467 B.R. at 569.

As set forth herein, the Complaint contains factual allegations that satisfy the "plausibility" standard, and provide sufficient factual detail to place MDDC on notice as to the basic nature of the Trustee's fraudulent conveyance claims, so as to allow this case to proceed to discovery. As such, the Motion should be denied.

## POINT II

## THE COMPLAINT ADEQUATELY PLEADS
## CLAIMS FOR FRAUDULENT CONVEYANCE

A.    Trustee's Claims for Actual Fraud

Counts Twenty Seven (27) and Thirty Three (33) of the Complaint seek to avoid and recover the MDDC Transfer as an actual fraudulent transfer under Section 548 of the Code and Section 276 of the DCL.

"Bankruptcy Code § 548(a)(1)(A) and New York DCL § 276 essentially overlap; that is, where a transfer is found to be the result of actual intent to hinder, delay, or defraud creditors under New York law, it is also fraudulent under § 548(a)(1)(A)." *Barnard v. Albert (In re Janitorial Close-Out City Corp.)*, 2013 Bankr. LEXIS 523, *14 (Bankr.E.D.N.Y. Feb. 8, 2013)(Trust, U.S.B.J.)

MDDC argues that the Complaint's actual fraud claims should be dismissed because the "Trustee has not specifically alleged a single badge of fraud." (MDDC MOL,[2] p. 4.) This argument is undermined by the well-settled Ponzi scheme exception to the pleading requirements of an intentional fraudulent conveyance claim.   "Where the Ponzi scheme presumption applies to the transfers at issue, courts have held that consideration of the badges of fraud is unnecessary." *Ritchie Capital Mgmt., L.L.C. v. Stoebner*, 2014 U.S. Dist. LEXIS 51366, *99 (D.Minn. Jan. 6, 2014); *Bear, Stearns Sec. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*, 397 B.R. 1, *8 (S.D.N.Y. 2007)

Courts have uniformly recognized that the existence of a Ponzi scheme, "establishes the debtors' fraudulent intent as required under both the Code and the NYDCL." *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*, 458 B.R. 87, 110-11 (Bankr. S.D.N.Y.

---

[2] Reference to "MOL" are to the Memorandum of Law in Support of Defendant MDDC's Motion to Dismiss dated October 2, 2015.

2011). Under the Ponzi scheme presumption, a transferor's "actual intent to defraud is presumed because the transfers made in the course of a Ponzi scheme could have been made for no purpose other than to hinder, delay or defraud creditors." *Gowan*, 452 B.R. at 424. "The sole exception to the Ponzi scheme presumption is where the transfers at issue are so unrelated to the Ponzi scheme that the transfers do not serve to further the Ponzi scheme." *Silverman*, 467 B.R. at 570.

Here, the Trustee has alleged that the MDDC Transfer was made on or about March 13, 2013 and done so in connection with a Ponzi scheme. (Complaint, ¶¶ 16, 28, 29, 33, 34, 49.) Just a few short months later, the Debtor pled guilty before the United States District Court for the Eastern District of New York for orchestrating and operating a series of Ponzi schemes. (Complaint, ¶ 16.) Consequently, MDDC is unable to dispute the application of the Ponzi scheme presumption, particularly in light of the Debtor's criminal admission.

MDDC also argues that that the Complaint contains no allegations that the "Borgata knew of should have known that the Debtor's transfer was made with actual intent." (MDDC MOL, p. 5.) MDDC's basis for this argument is that they only became aware of the Debtor's fraudulent scheme after it received the MDDC Transfer. (*See* MDDC MOL, p. 5, n.1.) This argument however, is misplaced.

Under Section 548(a)(1)(A), the "state of mind of the transferee is irrelevant." *Picard v. Merkin (In re Bernard L. Madoff Inv. Secs. LLC)*, 2011 U.S. Dist. LEXIS 97647, *12 (S.D.N.Y. Aug. 31, 2011).

Similarly, under DCL §276, a trustee need only to allege an intent to defraud on the part of the transferor. *Id.* at *17.

> Further support for this proposition is gleaned from section 278, which provides an affirmative defense to a bona fide purchaser for value without knowledge of the fraud to retain the transfer. See NYDCL § 278(2). As an affirmative defense, section 278 requires that the transferee's intent be considered "at the summary judgment phase or at trial on a

7

> full evidentiary record." In re Dreier LLP, 2011 Bankr.
> LEXIS 2338, 2011 WL 2412581, at *33. Therefore, "[i]f the
> trustee meets the evidentiary burden of proving a prima facie
> case of actual fraud . . . the burden shifts to the transferee to
> establish the affirmative defense . . . ." Id. Accordingly, a
> defendant's good faith "need not be negated by the Trustee
> in the Complaint."

Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC), 454 B.R. 317, 331

(Bankr.S.D.N.Y. 2011).

Therefore, since the fraudulent intent pleading requirement of the Bankruptcy Code

and DCL is satisfied by virtue of the Ponzi scheme presumption, MDDC's argument that it

accepted the MDDC Transfer in good faith and in exchange for value will become relevant only

as affirmative defenses to be asserted at trial.

Further, whether MDDC was acting in good faith when it accepted the MDDC

Transfer needs to be developed through discovery. At this early point in the litigation, only MDDC

possesses information concerning its knowledge of the Debtor's fraudulent schemes.

Thus, this Court should find that the Plaintiff has adequately pled claims for

intentional fraud under the Code and DCL.

B.    Trustee's Claims for Constructive Fraud

Counts Twenty Eight (28) through Thirty Two (32) seek the avoidance and

recovery of the MDDC Transfer as a constructively fraudulent conveyance under the Bankruptcy

Code and DCL.

> Under both the Code and the NYDCL, courts consistently
> hold that claims of constructive fraud do not need to meet
> the heightened pleading requirements of Fed. R. Civ. P. 9(b).
> Rather, the Trustee need only satisfy Rule 8(a) by providing
> a 'short and plain statement of the claim showing that [he]
> is entitled to relief' . . . Indeed, the sole consideration should
> be whether, consistent with the requirements of Rule 8(a),
> the complaint gives the defendant sufficient notice to prepare
> an answer, frame discovery, and defend against the charges.

8

*Picard,* 458 B.R. at 110-11.

A plaintiff satisfies the pleading requirements of Rule 8(a) by alleging that the defendant received a transfer for less than reasonably equivalent value and/or fair consideration while the debtor-transferor was insolvent. *Id.* at 113-14.

Here, MDDC has sufficient notice of the claims that need to be proved at trial; that the Debtor conveyed the sum of $142,000.00 to MDDC for no consideration when he was insolvent. (*See* Complaint, ¶¶ 49-51, 205-231.) Accordingly, the allegations underlying the Complaint's constructive fraud claims satisfy the liberal notice pleading standard of Rule 8(a).

MDDC argues that the Trustee's claims for constructive fraudulent conveyance "must fail as a matter of law" because the MMDC Transfer "was actually a payment made against [the Debtor's] outstanding credit balance" or gambling losses. (MDDC MOL, pp. 6-7.) MDDC contends that the Debtor gambled at the "Borgata [casino] via a credit line" and as a result, any payment it received from the Debtor constituted the payment of an antecedent debt. (MDDC MOL, pp. 6-7).

MDDC's argument should be rejected as it is premised on unsubstantiated statements from its counsel. Such statements should not be considered by this Court in determining whether the Complaint fails to state plausible claims for relief.

Furthermore, the question of "fair consideration" and "reasonably equivalent value" are each "largely a question of fact, the determination of which . . . depends on all the circumstances surrounding the transaction . . . and not subject to any mathematical formula . . . and usually cannot be determined on the pleadings." *Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs., Ltd.)*, 337 B.R. 791, 803-04 (Bankr.S.D.N.Y. 2005).

Consequently, at this early stage, the Trustee has adequately pled a lack of reasonably equivalent value for the purposes of the Code and lack of fair consideration for purposes of the DCL.

C.    Disallowing MDDC's Proof of Claim

> Section 502(d) of the Code states in relevant part:

>> [T]he court shall disallow any claim of any entity from which property is recoverable under section ... 550 ... of this title or that is a transferee of a transfer avoidable under section ... 544, ... 547, 548 ... of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section ... 550 ... of this title. Section 502 'precludes entities which have received voidable transfers from sharing in the distribution of the assets of the estate unless and until the voidable transfer has been returned to the estate.'

*Official Comm. of Unsecured Creditors Hydrogen, L.L.C. v. Blomen (In re Hydrogen, L.L.C.)*, 431 B.R. 337, 362 (Bankr.S.D.N.Y. 2010).

As discussed above, the Complaint adequately pleads avoidance claims under section 548 of the Code and section 270 *et seq.* of the DCL. Accordingly, MDDC should not share in any distribution of the Estate's assets until the MDDC Transfer is returned.

## POINT III

### TRUSTEE IS ENTITLED TO LEAVE TO AMEND THE COMPLAINT SHOULD THE MOTION BE GRANTED

In the event this Court finds that any of the Complaint's claims for relief are lacking, the Trustee respectfully requests leave to amend the Complaint.

When a complaint is dismissed, it is "almost always" dismissed with leave to amend. *Sculler v. Rosen (In re Rosen)*, 151 B.R. 648, 656 (Bankr. E.D.N.Y. 1993)(Duberstein, C.U.S.B.J.) Further, leave to amend a pleading should be "freely given when justice so requires." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002).

Seeking leave to amend a pleading does not require the filing of a formal motion seeking such relief, "so long as the plaintiff has made its willingness to amend clear." *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992).

Thus, to the extent that any of the Complaint's claims for relief as to MDDC are dismissed, the Trustee respectfully requests leave to amend the Complaint to render any prior allegations more definite.

MDDC argues that repleading will be futile "because there is no set of facts the Trustee can plead that would satisfy the plausibility standard." (MDDC MOL, p. 7.) The Trustee disagrees. MDDC bases its argument in large part, on the theory that "gambling loses are not fraudulently conveyances as a matter of law." (MDDC MOL, p. 8.) Assuming, but not conceding that MDDC has a defense to its receipt of Ponzi scheme funds due to a "gambling" defense, the Trustee is entitled to discovery on this issue.

## CONCLUSION

For the reasons set forth herein, the Plaintiff-Trustee respectfully requests that this Honorable Court deny Defendant MDDC's Motion to dismiss the Complaint in its entirety and grant such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
November 10, 2015

> Weinberg, Gross & Pergament LLP
> Attorneys for Marc A. Pergament, Interim Chapter 7
> Trustee of the Estate of Gershon Barkany
>
> By: _____
> Marc A. Pergament
> 400 Garden City Plaza, Suite 403
> Garden City, New York 11530
> (516) 877-2424

11