**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GERSHON BARKANY,<br><br>        Debtor. | Case No. 8-14-72941-las<br><br>Chapter 7 |
| Marc A. Pergament, Interim Chapter 7 Trustee of the Estate of Gershon Barkany,<br><br>        Plaintiff,<br><br>versus:<br><br>Alan Gerson, et al,<br><br>        Defendants. | Adversary Proceeding No. 8-15-08244-las |

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND CROSS-CLAIMS PURSUANT TO FRCP 12(b)(6) FOR FAILURE TO <u>STATE A CLAIM</u>**

TO THE HONORABLE LOUIS A. SCARCELLA
<u>UNITED STATES BANKRUPTCY JUDGE</u>:

    Defendant Barkany Asset Recovery & Management LLC ("<u>BARM</u>"), through its undersigned counsel, respectfully submits this reply to the memoranda of law filed by Plaintiff Marc A. Pergament, Interim Chapter 7 Trustee ("<u>Interim Trustee</u>"), and Defendant/Cross Claimant Bruce Montague & Partners ("<u>BM&P</u>") in opposition to BARM's motion to dismiss.

**<u>Reply to Interim Trustee's Memorandum of Law</u>**

    1.    The Interim Trustee's memorandum of law is replete with argument that his complaint sufficiently pleads claims for actual fraudulent conveyance and constructive

fraudulent conveyance against BARM. As this Court has repeatedly observed, however, a lawyers argument is no substitute for facts and evidence. In this regard, all of the Interim Trustee's rhetoric cannot conceal the simple truth that the complaint contains nothing other than conclusory statements. And, notwithstanding the Interim Trustee's suggestion to the contrary, it is inconceivable that he conducted an investigation before filing the complaint. The Interim Trustee made no inquiry of BARM before, or since, filing his complaint, and to BARM's knowledge he similarly failed to make any inquiry of Barkany and does not claim to have made any.

2.   As BARM pointed out in its opening memorandum of law, just seven days before filing his complaint the Interim Trustee responded to the Court's inquiry whether the $750,000.00 the Hilman Partnership allegedly remitted to Alan Gerson's attorney trust account had even become Barkany's property by candidly admitting that he didn't know, that he had no discovery, that he had no documents. All that he had then were the complaint that the Hilman Partnership had filed against BM&P and Mr. Gerson, which provides no basis for a contention that the $750,000.00 ever became Barkany's property,[1] and a copy of a purported declaration by Mr. Gerson that had been provided to the Interim Trustee by counsel for Joseph Rosenberg the previous evening.

---

[1] BARM adopts Goldberg & Rimberg, PLLC's argument in its motion to dismiss that the $750,000.00, having been obtained by fraud, never became Barkany's property. *See, e.g.*, *In re A.E.F.S., Inc.*, 51 B.R. 340 (Bankr. D. Minn. 1985) (funds obtained through the debtor's fraud and placed in debtor's counsel's trust account were not subject to turnover to trustee because debtor had no legal or equitable interest therein; legal title was held by counsel, equitable title remained in defrauded parties).

3. Given the Interim Trustee's lack of information, it is abundantly clear that he only filed the complaint to buttress his position with respect to the pending motions concerning the election of Mr. Frankel as permanent trustee.[2]

4. After the complaint was filed, BARM asked the Interim Trustee to provide documentation supporting his allegation that a transfer had been made to BARM. Seven weeks have since passed without any response from the Interim Trustee.

5. Not having information to support his claims has not detered the Interim Trustee. He now argues in his memorandum of law that "BARM is hard pressed to now claim it received the BARM transfer in good faith and/or without any knowledge that the Debtor was then acting in bad faith" and that "BARM accepted the sum of $100,000.00 from the Debtor without conducting any investigation into its source" (Plaintiff's Memorandum of Law, p. 8). Moreover, he implies, without any factual basis whatsoever, that BARM encouraged Barkany to obtain funds by illegal means and that BARM knew it was receiving funds transmitted through Mr. Gerson. The Interim Trustee appears to be unrestrained by either ethical or Rule 9011 obligations to limit his claims and allegations to those that have factual support.[3]

---

[2] It is also telling that, while the Interim Trustee finds time to prosecute the instant complaint, he has done nothing to prosecute six actions that BARM filed before this case was commenced, actions which collectively seek well in excess of ten million dollars, other than move to intervene in four of them. And even though he advised the state courts handling three actions that he would promptly remove the actions to federal court once his motions were granted, months have elapsed since his motions were granted yet he has filed nothing.

[3] Ultimately, the facts will show that, among other things, Barkany delivered various funds to BARM on or about the times alleged in the complaint, Barkany represented that the funds he was then providing to BARM were from his family, Mr. Rosenberg's name appeared on some checks that Barkany delivered to BARM, neither BM&P's nor Mr. Gerson's names appeared on any of them, and BARM had no knowledge and no reason to suspect BM&P or Mr. Gerson were involved in any manner with any funds then provided to BARM.

6.      BARM submits that the Interim Trustee is acting in derogation of his responsibilities to the Court, BARM and other parties in his filing and prosecution of this action. The complaint does not sufficiently state a cause of action against BARM, and it should be dismissed.

**Reply to BM&P's Memorandum of Law**

7.      In its memorandum of law, BM&P states, in essence, that it is entitled to contribution based on tortious conduct alleged against BARM by the Interim Trustee.  But as BARM has shown, no facts are alleged that could support a finding that BARM engaged in any tortious conduct.  Indeed, the complaint does not even offer a conclusion that BARM committed a tort.  While the Interim Trustee may have alleged that Barkany engaged in fraud by conducting a Ponzi scheme, it cannot be said that the complaint or BM&P's cross claims allege, with or without particularity, that BARM committed fraud.  The allegations that have been made, if proven, will not support a finding that BM&P is entitled to contribution from BARM.  Therefore, BM&P's first cross claim, seeking contribution, should be dismissed.

8.      Additionally, BM&P does not address BARM's contention that BM&P's second cross claim, claiming an equitable right to reimbursement, should be dismissed. Apparently, BM&P does not disagree.

## CONCLUSION

For the reasons stated in its opening memorandum of law and above, the Interim Trustee's complaint and BM&P's cross claims should be dismissed, with prejudice, for failure to state a claim against BARM.

Dated: November 13, 2015          s/ Alan H. Katz
         Shalom Jacob
         sjacob@lockelord.com
         Allen C. Wasserman
         awasserman@lockelord.com
         Alan H. Katz
         akatz@lockelord.com
         LOCKE LORD LLP
         3 World Financial Center
         New York, New York 10281
         Telephone:    (212) 415-8600
         Facsimile:    (212) 303-2754

         Counsel to Barkany Asset Recovery & Management LLC

NY 806848v.1