**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| GERSHON BARKANY, | : | Case No. 8-14-72941 |
| Debtor, | : | |
| MARC A. PERGAMENT, Interim Chapter 7 Trustee Of The Estate Of Gershon Barkany, | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. 8-15-08244 |
| ALAN GERSON, BRUCE MONTAGUE & PARTNERS, ALFRED SCHOENBERGER, MARINA DISTRICT DEVELOPMENT CO. LLC, BARKANY ASSET RECOVERY & MANAGEMENT LLC, DANIEL HIRSCHLER, JOSEPH ROSENBERG, AND GOLDBERG & RIMBERG PLLC, | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MARINA DISTRICT DEVELOPMENT CO. LLC'S MOTION TO DISMISS**

**Preliminary Statement**

The Trustee's opposition to this motion mischaracterizes the facts of this case and seeks to do absolutely nothing more than hold Defendant Marina District Development Company, Inc. ("Borgata") in this case for unnecessary discovery. Indeed, he concedes that (1) Borgata has an affirmative defense of lack of knowledge, and (2) the law is clear that gambling losses are constitute fair consideration as a matter of law. To delay the inevitable, he makes the overwhelmingly disingenuous suggestion that he is "entitled to discovery" on the issue of whether the Debtor's transfers to the Borgata Hotel Casino & Spa were for gambling losses. That information has already been provided to this Court and is a part of the record in this case. Pursuant to Fed. R. Civ. P. 11, it is the Trustee's absolute obligation to make a reasonable inquiry to ensure his factual contentions have evidentiary support before presenting any pleading to the Court. If he has not even reviewed the record in this Bankruptcy proceeding, he has not satisfied this obligation and cannot now tell the Court he needs discovery to do so.

**Argument**

**Point I**

**THE PONZI SCHEME PRESUMPTION
IS NOT APPLICABLE TO BORGATA**

The Trustee first argues that he is relieved of pleading fraud with specificity because the Ponzi scheme presumption applies to his claims against Borgata. This is an incorrect application of the law. Borgata concedes there is a general rule that a Ponzi scheme demonstrates actual intent to hinder, delay, or defraud creditors as a matter of law. *See* Drenis v. Haligiannis, 452 F. Supp. 2d 418, 429-430 (S.D.N.Y. 2006). The

Trustee, however, overlooks the definition of what constitute the Ponzi scheme transfers to which this presumption is applicable. The Court in *In re Manhattan Inv. Fund Ltd.*, 397 B.R. 1, 8 (S.D.N.Y. 2007)(internal citations omitted) provides such a definition:

> In such a scheme, money from new investors is used to pay artificially high returns to earlier investors in order to create an appearance of profitability and attract new investors so as to perpetuate the scheme.... such a scheme demonstrates "actual intent" as matter of law because "transfers made in the course of a Ponzi scheme could have been made for no purpose other than to hinder, delay or defraud creditors.

The allegedly fraudulent transfers to Borgata were not made "to create an appearance of profitability and attract new investors so as to perpetuate the scheme," and were therefore not "made in the course of a Ponzi scheme." There is no allegation (nor can there be) that Borgata was an investor in any of Debtor's sham transactions or in any way involved in his Ponzi scheme. If anything, the transfers to Borgata reduced the amount of money available to "pay artificially high returns to earlier investors" and negatively impacted the "appearance of profitability," both antithetical to the definition of a Ponzi scheme. In fact, the Trustee concedes as much when he cites this Court's own opinion in *Silverman v. Meister Seelig & Fein, LLP*, 467 B.R. 556, 570 (Bankr. E.D.N.Y. 2012)(emphasis added), which drives the point home. "The sole exception to the Ponzi scheme presumption is where the transfers at issue are so unrelated to the Ponzi scheme that the *transfers do not serve to further the Ponzi scheme*." There is absolutely no question that the transfers to Borgata are unrelated to, and did not serve to further Debtor's Ponzi scheme. The Ponzi scheme presumption clearly does not apply to the Borgata transfers.

The Trustee concedes that he relied on the Ponzi scheme presumption in his Complaint and did not otherwise satisfy the pleading requirements for fraud. Absent the

Ponzi scheme presumption, the Trustee's claims for actual fraud must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). *In re Dreier LLP*, 452 B.R. 391 (Bankr. S.D.N.Y. 2011). As set forth in Borgata's moving papers, there are neither specific allegations of fraud, nor allegations regarding the badges of fraud. This "lack of specific allegations setting forth such badges of fraud, or otherwise implicating the defendant in intentional wrongdoing against creditors" is fatal to the Trustee's claim of intentional fraudulent conveyance. *In re Actrade Financial Technologies Ltd.*, 337 B.R. 791, 809 (Bankr. S.D.N.Y. 2005).

**Point II**

FAIR CONSIDERATION IS
ESTABLISHED AS A MATTER OF LAW

The Trustee makes the remarkably disingenuous suggestion that it has not been established that payments by the Debtor to Borgata were on account of gambling losses. Even if we ignore the fact that Borgata has already provided this Court with more than ample evidence of this fact, does the Trustee honestly believe that the Borgata transfers were on account of anything other than gambling losses? If so, it would be entertaining to hear what the Trustee thinks these transfers were actually for. Is he actually suggesting that Borgata was an investor in the Debtor's Ponzi scheme and these transfers were actually intended to "pay artificially high returns" to Borgata in order to attract other investors? Certainly he is not, and this underscores the futility of his Complaint against Borgata and begs the question why he seeks to keep Borgata in this case. It is harassing, causing unnecessary delay, and needlessly increasing the cost of litigation both for the Debtor's Estate and Borgata, all in derogation of Fed. R. Civ. P. 11(b)(1).

More to the point, Borgata has already voluntarily provided the necessary documentation to this Court to show that Debtor's transfers were on account of gambling losses. On November 11, 2014, Borgata filed a Supplemental Affidavit in Opposition to Debtor's Motion to Dismiss (Docket Entry No. 67). Attached to that submission are (i) e-mails from Debtor acknowledging his gambling debt to Borgata; (ii) Debtor's entire history of "marker" (or credit) transactions from 2009-2013; (iii) Debtor's cash advance transactions from 2009; (iv) a history of front money withdrawals by Debtor from 2009-2013; (v) Debtor's wire transfer history from 2010-2013; (vi) Debtor's chip redemption history from 2009-2013; and most important, (vii) <u>Debtor's entire account history at Borgata from 2009-2013</u>. Fed. R. Civ. P. 11(b) requires that parties perform "an inquiry reasonable under the circumstances" before presenting any "pleading, written motion, or other paper" to the Court. It is eminently reasonable to expect that the Trustee should be familiar with and have reviewed the proceedings in the case, including Debtor's initial motion to dismiss the involuntary petition, especially since Borgata is one of the three original petitioning creditors. Contrary to Trustee's statement, Borgata's argument is not "premised on unsubstantiated statements from its counsel," it is premised on the disclosure to this Court of Debtor's admissions and entire gaming history at Borgata.

The Trustee provides no opposition to the well settled principle that the opportunity of winning more than the amount bet and the entertainment value of gambling constitute fair consideration as a matter of law. *In re Chomakos,* 69 F.3d 769 (6th Cir. 1995). Because fair consideration is an element of each of the Trustee's five claims for constructive fraud, each such claim must be dismissed.

**Point IV**

<u>BORGATA'S CLAIM MUST BE ALLOWED</u>

Pursuant to 11 U.S.C. §502(d), the Court may only disallow Borgata's claim in this case if it fails to turn over property from a transfer that is voidable under 11 U.S.C. §548. As discussed in detail above, the Trustee's claims sounding in fraudulent conveyance, both actual and constructive, must fail as a matter of law. Because the transfers to Borgata are not avoidable under 11 U.S.C. §548, the Court may not disallow Borgata's claim on this ground, and this cause of action must be dismissed.

**Point V**

<u>REPLEADING WOULD BE FUTILE</u>

Borgata agrees with the Trustee that leave to re-plead should be "liberally granted." *Rutolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2006), <u>*citing*</u> *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is clear from the Trustee's opposition, however, that re-pleading would be futile.

With respect to the claims for actual fraud, the Trustee can only hang his hat on the Ponzi scheme presumption of actual fraud. As set forth above, that presumption is not applicable to the Borgata transfers. Debtor's transfers to Borgata clearly had nothing to do with the Ponzi scheme. In is respectfully submitted that there are no facts the Trustee can plead regarding fraud or any of the badges of fraud. Moreover, while Borgata's knowledge of the Ponzi scheme may be an affirmative defense inapplicable at this stage, the Trustee is again being disingenuous by suggesting there are any facts that will show Borgata was aware of Debtor's Ponzi scheme. This simply defies belief, and such spectacular allegations are not entitled to the presumption of correctness on a

motion to dismiss. From a practical standpoint, that argument will only delay Borgata's exit from this case, and increase the cost of litigation for all parties.

With respect to the claims for constructive fraud, Borgata has already conclusively established in this case that the transfers by Debtor were on account of gambling losses, which is fair consideration as a matter of law. There is no set of facts that the Trustee can plead that will lead to a different result. Allowing the Trustee to replead any of his claims would therefore be futile and his claims against Borgata should all be dismissed with prejudice.

**Point VI**

<u>ALL CROSS-CLAIMS MUST BE DISMISSED</u>

Rather than belabor this memorandum with reference to the various cross-claims alleged by the co-defendants, they must all be dismissed. There is no basis for any cross-claim against Borgata because Borgata bears no measure of culpability for any of the co-defendants' alleged conduct. The causes of action alleged by the Trustee against Borgata and each co-defendant, respectively, arise from completely separate transactions. Borgata (i) has no relationship to any of the monies allegedly belonging to the Debtor's Estate and in the possession of any other co-defendant, (ii) does not possess such funds, (iii) did not and could not have converted those funds, (iv) did not and could not have become unjustly enriched thereby, and (v) is not and could not be responsible for any co-defendant's alleged breach of fiduciary duty to Gershon Barkany or his Bankruptcy Estate. Borgata cannot be kept in this case because of any co-defendant's conclusory and unfounded cross-claims.

**<u>Conclusion</u>**

The Trustee's Complaint fails to state a cause of action against Borgata on which relief may be granted. The Trustee did not and cannot plead actual fraud and the constructive fraudulent conveyance claims must be dismissed because it is well settled that gambling losses are not fraudulent conveyances as a matter of law. Given the foregoing, Defendant's motion should be granted in its entirety and with prejudice, since the repleading any fraudulent conveyance claims against Borgata would be futile.

Dated: Hackensack, NJ
       November 13, 2015                    By: <u>/s/ Jeremy Klausner</u>
                                                          Jeremy Klausner
                                                            AGOSTINO & ASSOCIATES, P.C.
                                                            *Attorneys for Defendant*
                                                           14 Washington Place
                                                           Hackensack, NJ 07601
                                                           Telephone: (201) 488-5400
                                                           jklausner@agostinolaw.com